Hon. ROBERT RYAN,
Hon. JOHN M. RAGAN, } Commissioners.
Hon. FRANK IRVINE,

---

MICHAEL D. MURPHY v. WILLIAM D. ERNST.

FILED OCTOBER 1, 1895. No. 6420.

**Malicious Prosecution: TIME ACTION ACCRUES.** As a general rule, an action for malicious prosecution will not lie until the proceeding complained of has been legally terminated in favor of the defendant therein.

ERROR from the district court of Johnson county. Tried below before BABCOCK, J.

*Francis Martin* and *J. Hall Hitchcock*, for plaintiff in error, cited: *Welch v. Boston & P. R. Corp.*, 14 R. I., 609;

5        (1)

*Phillips v. Village of Kalamazoo,* 53 Mich., 33 ; *Labar v. Crane,* 49 Mich., 561; *Olson v. Neal,* 63 Ia., 214; *Johnstone v. Sutton,* 1 T. R. [Eng.], 544; *Ash v. Marlow,* 20 O., 119.

*S. P. Davidson, contra,* cited: Cooley, Torts [2d ed.], 214; *Griffis v. Sellars,* 31 Am. Dec. [N. Car.], 422; *Womack v. Circle,* 32 Gratt. [Va.], 324; *Payson v. Caswell,* 22 Me., 212; *Severance v. Judkins,* 73 Me., 376; *Turner v. O'Brien,* 5 Neb., 543; *Wertheim v. Altschuler,* 12 Neb., 594; *Palmer v. Keith,* 16 Neb., 93; *Painter v. Ives,* 4 Neb., 126; *Bodwell v. Osgood,* 3 Pick. [Mass.], 379; *Marshall v. Betner,* 17 Ala., 832 ; *Sweet v. Negus,* 30 Mich., 406.

POST, J.

This was an action for malicious prosecution in the district court for Johnson county. For his cause of action therein the plaintiff below, who is also plaintiff in error, alleged that the defendant, maliciously and without probable cause, made a complaint before one Fugate, a justice of the peace for Nemaha county, charging him, plaintiff, with trespassing upon the land of the said complainant and cutting and removing grass growing thereon. The proceedings before the justice of the peace are shown by the following record introduced in evidence by the plaintiff:

"STATE OF NEBRASKA ⎫
            v.            ⎬ ss.      September 7, 1891.
MIKE MURPHY.      ⎭

"In Justice Court, before R. M. Fugate, Justice of the Peace.

"Now comes William Ernst, through his agent, G. L. Ernst, and makes oath and says that one Mike Murphy did, on the 6th and 7th days of September, 1891, trespass on land known as the Sears land, now in the possession of said plaintiff, after being duly warned off the premises, feloniously cut and take away hay. Plaintiff asks for war-

rant.    I therefore issue warrant for the arrest of said defendant and place same in the hands of J. M. Stone, constable, returnable on the 7th day of September, 1891, at 1 o'clock P. M.

"September 7, 1891, — o'clock, court called prisoner in court, who pleaded not guilty and introduced letters pertaining to contract for the possession of the land now in controversy.    Plaintiff also introduced letters pertaining to contract with B. Sears.

"Return of warrant September 7, 1891.    I took the body of Mike Murphy, within named and have him before the within named justice of the peace.    J. M. Stone, Constable.

"Plaintiff's witnesses, G. L. Ernst, George Errick, Sr.

"The court, by consent of the prisoner, continued the case until September 8, 1891, in the afternoon, at 7 o'clock P. M.

"September 8, 1891, at 7 o'clock P. M., court called, parties all present.    Examination of witnesses for plaintiff. William Ernst first.    The court, after hearing all the testimony and deliberations, finds the defendant guilty as charged.    It is the judgment of this court that the defendant pay a fine of $25 and costs of suit, which was paid by defendant, costs taxed at $6.75."

Upon the conclusion of the plaintiff's case the defendant requested the court to direct a verdict in his favor, whereupon leave was given to amend the petition by the addition of an allegation charging that the judgment of conviction shown by the foregoing record was unwarranted by the evidence and procured by fraud and in pursuance of a conspiracy between the defendant and the said justice. The motion for a peremptory instruction was thereupon renewed and sustained, which is the error assigned as the basis of this proceeding.

An action for malicious prosecution cannot as a rule be successfully maintained until the proceeding complained of

has been legally terminated in favor of the defendant therein. (*Casebeer v. Drahoble*, 13 Neb., 465; Addison, Torts, 874.) True, an exception to that rule is recognized in cases where a conviction is procured by means of the fraud or perjury of the complainant (*Olson v. Neal*, 63 Ia., 214; 14 Am. & Eng. Ency. of Law, 290), but a careful examination of the record fails to disclose any foundation in the evidence for the application of the exception above noted. In the absence of proof tending to impeach the good faith of the justice of the peace or the complainant, the direction complained of was proper and the judgment must accordingly be

AFFIRMED.