Nehr v. Dobbs.

REVERSED AND REMANDED.

---

DAVID NEHR v. JOHN A. DOBBS.

FILED APRIL 7, 1896.  No. 6452.

1. **Malicious Prosecution:** PROBABLE CAUSE: EVIDENCE: CONVICTION. In an action for malicious prosecution, a presumption of the existence of probable cause is established by proof that the plaintiff was convicted in the criminal action. But this presumption may be rebutted.

2. ———: ———: ———: ———. It is not true that the evidence of probable cause afforded by proof of a conviction, can be rebutted only by showing that the conviction was procured by fraud or perjury. These are only instances. Such evidence may be rebutted by proof of any facts which show that the conviction was under circumstances depriving it of any naturally probative effect.

3. ———: ———: PLEADING. A petition in an action for malicious prosecution pleaded that the plaintiff had been convicted in the county court and on appeal in the district court; that the conviction had been reversed by the supreme court and the cause thereafter dismissed.

It was also pleaded that the defendant, when he insti-
tuted the prosecution, was aware of certain facts which
in law established the innocence of the plaintiff; that
he had himself in the county court testified to those
facts; whence it appeared that the conviction in the
lower courts was not upon any consideration of evidence
which would justify a conviction, but was due solely to
a misapprehension of law. *Held,* That the petition suffi-
ciently pleaded want of probable cause.

4. ———: ———: QUESTION OF LAW. The existence of proba-
ble cause, the facts being established, is a question of
law, and if the defendant is aware of facts establishing
the innocence of the plaintiff, a misapprehension of the
law does not create probable cause, although it may
affect the issue of malice.

ERROR from the district court of Gage county.
Tried below before BABCOCK, J.

The opinion contains a statement of the case.

*Hardy & Wasson,* for plaintiff in error:

In an action for malicious prosecution a judg-
ment of conviction against the plaintiff is *prima
facie* evidence that there was probable cause for
the prosecution, but such evidence may be rebut-
ted by proof that the judgment was based upon
false testimony and was without foundation in
law. (*Olson v. Neal,* 63 Ia., 216; *Burt v. Place,* 4
Wend. [N. Y.], 591; Newell, Malicious Prosecu-
tions, 275; *Hazzard v. Flury,* 120 N. Y., 223; *Good-
rich v. Warner,* 21 Conn., 432; *Phillips v. City of
Kalamazoo,* 53 Mich., 33; *Richter v. Koster,* 45 Ind.,
440.)

The criminal action was voluntarily dismissed.
The burden of showing cause for its commence-
ment was upon defendant. (*Burhans v. Sanford,*
19 Wend. [N. Y.], 417; *Gilbert v. Emmons,* 42 Ill.,
143; *Kinsey v. Wallace,* 36 Cal., 462; *Green v.
Cochran,* 43 Ia., 544.)

*Hugh J. Dobbs, contra:*

A conviction of the offense charged, when obtained without perjury, subornation of perjury, fraud, collusion, conspiracy, or other misconduct on the part of the complaining witness and trial court, is sufficient evidence of probable cause to defeat an action for malicious prosecution, although such conviction be followed by a reversal of the judgment, or by a new trial and an acquittal. (*Cloon v. Gerry,* 13 Gray [Mass.], 201; *Witham v. Gowen,* 14 Me., 362; *Payson v. Caswell,* 22 Me., 212; *Bitting v. Ten Eyck,* 82 Ind., 421; *Parker v. Farley,* 10 Cush. [Mass.], 279; *Parker v. Huntington,* 2 Gray [Mass.], 125; *Commonwealth v. Davis,* 11 Pick. [Mass.], 433; *Whitney v. Peckham,* 15 Mass., 243; *Herman v. Brookerhoff,* 8 Watts [Pa.], 240; *Adams v. Bicknell,* 126 Ind., 210; *Reynolds v. Kennedy,* 1 Wils. [Eng.], 232; *Griffis v. Sellars,* 31 Am. Dec. [N. Car.], 422; *Clements v. Odorless Excavating Apparatus Co.,* 67 Md., 461; *Burt v. Place,* 4 Wend. [N. Y.], 591.)

IRVINE, C.

This was an action for malicious prosecution by the plaintiff in error against the defendant in error. A general demurrer to the petition was sustained, and from a judgment entered thereon the plaintiff prosecutes error.

The point relied on in support of the demurrer is that the petition discloses that the plaintiff suffered a conviction in the court in which the prosecution complained of was instituted, and that while it is alleged that this conviction was reversed on appeal, the conviction in the original court was conclusive of the existence of probable

59

cause for the prosecution, or, if not conclusive, it
could be rebutted only by evidence of fraud, per-
jury, or subornation of perjury, leading to the
conviction, none of which was pleaded.   The peti-
tion alleges that the defendant falsely and mali-
ciously, and without probable cause, charged the
plaintiff before the county judge of Gage county
with having maliciously and unlawfully shot and
killed a certain dog, the property of Dobbs; that
he caused plaintiff's apprehension in such cause;
that on the trial before the county court, Dobbs
testified and admitted that the dog killed had no
collar upon his neck with a metallic plate thereon
inscribed with the name of his owner; and that
the dog was running at large and attacked the
plaintiff; that all such facts were well known to
the defendant when the charge was made; that
the plaintiff was convicted in the county court;
that he appealed to the district court; that he was
there again convicted; and that he prosecuted
error to this court, where the judgment was re-
versed; and that after the cause was remanded to
the district court it was dismissed.   That it is not
unlawful to kill a dog running at large, not bear-
ing the collar required by law, was decided in
*Nehr v. State*, 35 Neb., 638, which, by the way, is
the case which constitutes the foundation of this
action.   It is therefore in effect pleaded that de-
fendant caused plaintiff to be prosecuted, know-
ing the fact, which showed that he was guilty of
no offense; that in the county court he testified
frankly to those facts; that the plaintiff was, not-
withstanding, convicted by the county court, and
on appeal by the district court, on account of a
misapprehension of law; and that the error was
corrected by this court on proceedings in error,

the conviction reversed, and the cause finally dismissed. The question, therefore, presented is whether the conviction in the county court, or in the district court, or in both, was conclusive evidence of the existence of probable cause for the prosecution, notwithstanding the fact that the plaintiff was aware of the facts which on a correct interpretation of the law would defeat the prosecution. The older cases are, we think, all to the effect that a conviction is conclusive evidence of the existence of probable cause for the prosecution; and there are many cases holding that this is true, although there may be an acquittal on an appeal or after a reversal of the judgment. (*Herman v. Brookerhoof*, 8 Watts [Pa.], 240; *Clements v. Odorless Excavating Apparatus Co.*, 67 Md., 461; *Cloon v. Gerry*, 13 Gray [Mass.], 201; *Whitney v. Peckham*, 15 Mass., 243.) In the Maryland case cited there is a strong dissenting opinion published in an appendix. (67 Md., 605.) There are many other Massachusetts cases in line with those cited, although that of *Morrell v. Trenton Mutual Life & Fire Ins. Co.*, 10 Cush., 282, recognizes the fact that there may be some exceptions to the rule. The same may be said of *Phillips v. City of Kalamazoo*, 53 Mich., 33. On the contrary, the injustice of a universal application of such a rule has been long recognized. An early case of this character is *Burt v. Place*, 4 Wend. [N. Y.], 591. In that case it was held that although there had been a conviction, the evidence afforded by that fact of the existence of probable cause was rebutted by proof that a full defense had existed to the knowledge of the defendant, and that he had caused the plaintiff to be detained as a prisoner for the purpose of preventing him procuring such evidence

to establish his defense. Following this case, there is a long and well reasoned line of authorities to the effect that although the plaintiff may have been convicted, still if his conviction was procured by fraud, by perjury, or by subornation of perjury on the part of defendant, these facts may be shown to rebut the presumption of probable cause arising from the conviction. (*Olson v. Neal*, 63 Ia., 214; *Witham v. Gowen*, 14 Me., 362; *Payson v. Caswell*, 22 Me., 212; *Richter v. Koster*, 45 Ind., 440; *Adams v. Bicknell*, 126 Ind., 210; *Goodrich v. Warner*, 21 Conn., 432.) The last two cases cited do not undertake to define the exceptions to the general rule, but are to the effect generally that the conviction, although it be afterwards reversed, is *prima facie* evidence—and that only—of the existence of probable cause. To the same effect is *Knight v. International & G. N. R. Co.*, 61 Fed. Rep., 87. The best review of the cases to which our attention has been called is contained in the case of *Crescent City Live Stock Co. v. Butchers' Union Slaughter-House Co.*, 120 U. S., 141. The conclusion was there reached that all the cases can be reconciled by adopting the doctrine that the presumption of probable cause arising from a conviction can be rebutted only by showing that the conviction had been obtained by fraud. This court has recognized the principle that where the conviction has been procured by fraud or perjury, even an unreversed conviction does not necessarily defeat a recovery. (*Murphy v. Ernst*, 46 Neb., 1.)

A bald application of the foregoing cases would lead to an affirmance of this judgment, because the petition does plead a conviction both in the county and in the district courts; and it is not pleaded that the defendant resorted to any fraud,

perjury, or false testimony to procure the same. We think, however, that the cases cited hardly warrant so narrow a conclusion as that adopted by the supreme court of the United States in *Crescent City Live Stock Co. v. Butchers' Union Slaughter-House Co., supra.* Indeed, the court in that case did not undertake to precisely define the rule, and expressly stated that no such precise definition was necessary to a decision of the case before it. All the cases, with one exception, in which the courts undertook to define the exceptions were cases where fraud or perjury was alleged, or cases resolved in favor of the defendant because no exception was alleged, and where fraud and perjury were merely mentioned incidentally as sufficient to take the case out of the rule. The principle which we induce from the cases is this: that a conviction is always sufficient *prima facie* evidence of the existence of probable cause; but that this is a rule of evidence, founded upon the fact that ordinarily if a court has proceeded to conviction, it must have had before it such evidence as in the mind of a prudent and reasonable man would convince him of the guilt of the accused; and that, therefore, a subsequent reversal, while it may show that the accused was in fact innocent, does not show that there was no probable cause for believing him guilty. Where, however, the conviction is under such circumstances as to deprive it of such naturally evidentiary effect, this presumption ceases. Where it is shown that the conviction is procured by fraud, or by perjury, or by subornation of perjury, we have cases where the conviction has no convincing effect upon the mind; and when the courts have stated that establishing that the conviction was had under these circumstances re-

buts the natural presumption from an ordinary conviction, they have simply declared that such exceptions do exist, and have not declared that there may not be other exceptions. In the case before us it is pleaded that the defendant knew and testified that the dog was running at large without a collar. This court has declared that under such circumstances it is lawful to kill the dog. Therefore, the conviction in the county court and in the district court could not have been due to an error in weighing the evidence, but it must have been due solely to a mistake of law arising from such admitted facts. The presence or absence of probable cause for a prosecution, the facts being established, is for the court and not for the jury (*Turner v. O'Brien*, 5 Neb., 542),—that is, it is a question of law and not of fact; and while a mistake of fact on the part of defendant in an action of malicious prosecution may affect the question of probable cause, a mistake of law does not. (*Hazzard v. Flury*, 120 N. Y., 223.) A misapprehension of the law may affect the issue of malice, but not that of probable cause. If the county court had properly interpreted the law the plaintiff would have been discharged, and the fact that defendant was aware of those things which justified plaintiff's conduct could have been shown in evidence to establish want of probable cause. Is there any reason why the misapprehension of law by the county judge should affect the case and destroy a cause of action which would have existed had the law been correctly determined in the first instance? We think not. The reason that a conviction procured by perjury is not proof of the existence of probable cause for the prosecution is that the false testimony deceived the trial court,

so that the inference naturally drawn from a judg-
ment of that court is no longer a reasonable infer-
ence.   So where it is pleaded that the proof dis-
closed an entire want of probable cause, but that
the court mistook the law, and that on appeal the
judgment was for that reason reversed, the proba-
tive character of the judgment of conviction is in
like manner destroyed.   The case is very different
from nearly all the cases in which the old rule was
laid down, which were cases where the law was
clear, and the only question was whether the facts
had been correctly determined on conflicting evi-
dence.   In such cases the judgment of conviction
is most clearly and forcibly probative.   We have
found no case supporting the application of the
rule just announced, in direct terms.   But we
think it is in principle supported by all the cases
which recognize a conviction only as *prima facie*
evidence and hold that it may be rebutted.   The
case of *Herman v. Brookerhoof, supra,* was a case
like this, and is contrary to the view which we
have taken.   But it was decided in 1839, citing
only very early cases, and only a few years after
the case of *Burt v. Place, supra,* marked the first
departure from the old doctrine.   It proceeds
upon purely technical grounds, and we do not
think it should be followed.   We hold, therefore,
that the petition, by pleading a knowledge by the
defendant, at the time he instituted the prosecu-
tion, of facts which in law discharged the plaintiff
from culpability, and in pleading sufficient to
show that the conviction in the lower court was
due to a misapprehension of law, and not to a con-
sideration of evidence justifying a conviction, suf-
ficiently rebutted the presumption of probable
cause arising from the first conviction.   The effect

of these facts on the issue of malice we do not determine. Malice was pleaded and is a question for the jury.

REVERSED AND REMANDED.