(Decided April 1st, 1898).

---

MARTHA E. GORE, By Her Husband, etc., *vs.* LEVI Z. CONDON.

*Unlawful Interference with Another's Property—Inducing one Party to a Contract to Break it—Pleading—Misjoinder.*

If a man knows that certain property is not his but another's and that his apparent title to the same was acquired by fraud and is void, then his intermeddling with such property to the damage of the real owner is an unlawful act for which an action lies.

A declaration sets forth a good cause of action which alleges that the plaintiff was the owner of certain houses and lots, that the defendant obtained a mortgage thereon from a person whom he knew not to be the owner, and knowing that the mortgage was fraudulent and void caused the tenants of the property to cease paying their rents to the plaintiff and advertised the property for sale under an *ex parte* decree of foreclosure on the mortgage ; that the mortgage was afterwards annulled and vacated by a Court of Equity, and that in consequence of the premises, the plaintiff's tenants moved away and plaintiff lost the rents, etc.

*Semble,* that when a man induces one of the parties to a contract to break it, intending thereby to injure the other party to the contract

or to obtain a benefit for himself, he is liable in an action to the other party.*

It is error to unite in the same count of the declaration two distinct and independent causes of action.

Appeal from a judgment of Baltimore City Court, sustaining a demurrer to the declaration in this case.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and PEARCE, JJ. (Feb. 10, 1898).

*H. P. and R. E. Jordan,* for the appellant.

The only points raised in the Court below by the demurrer were: 1st. Did the decree obtained by Condon from the Circuit Court of Baltimore City, by a fraud on the Court and under the consent clause of a fraudulent mortgage, protect him from liability for damages sustained by the plaintiff through and by Condon's wrongdoing? 2. That the declaration demurred to is a declaration for a malicious prosecution in a civil suit; and the decree obtained by a fraud on the Court below, under the consent clause in said mortgage, was probable cause; and, therefore, no action will lie against Condon for damages.

We reply: 1st. That this is not a suit for a malicious prosecution in a civil suit; nowhere have we claimed *exemplary damage.* This is an action on the case to recover actual damages only. We nowhere allege that Condon falsely and maliciously and without probable cause therefor sued the plaintiff. 2d. How could Martha E. Gore sue Levi Z. Condon for *malicious prosecution* when Condon never sued Martha E. Gore in his life? It is preposterous. But even if it were a declaration for a malicious prosecution of civil action, it falls within the exception laid down by this Court in all the cases of the kind that have come before it.

---

*See note in appendix relating to the right of action for inducing a party to break his contract with plaintiff and for unlawful interference with plaintiff's business.

*Clements* v. *O. E. Co.*, 67 Md. 461; *McNamee* v. *Minke*, 49 Md. 133.

The declaration fully sets out : 1st. Fraud in obtaining the mortgage. 2d. Fraud in obtaining the *ex parte* decree upon the consent clause of the Frazier mortgage. 3d. That the defendant Condon seized the plaintiff's property named in the mortgage, and dispossessed her. 4th. That the defendant Condon notified the plaintiff's tenants " not to pay her any more rent," before he sold her property ; that the fraudulent decree, obtained by fraud, *did not authorize Condon to do anything but sell.* 5th. That during all the time (some two years) the defendant Condon held the plaintiff's property, and deprived the plaintiff of her rents and profits ; he, the said Condon, refused to pay the *taxes, ground rents, water rents and repairs*, and when the property was restored to the plaintiff all these expenses had to be paid by her. 6th. That through the trespass committed by the defendant upon the plaintiff's property, and in notifying her tenants not to pay her any more rent, her tenants moved out, leaving her property vacant, unless Condon put others in it, and by which it was greatly damaged.

The demurrer admits these facts.

*Richard B. Tippett* (with whom was *Jas. E. Tippett* and *W. Sherman Bansemer* on the brief), for the appellee.

The declaration presents an anomaly in pleading. Damages are claimed for a sale made by virtue of legal process issued by a Court of competent jurisdiction. The declaration does not state an action of trespass nor an action on the case for deceit.

The *ex parte* decree in the Circuit Court under the consent clause in said mortgage, was sufficient to protect the mortgagee against inquiry, and was conclusive as to the question of fraud, in obtaining the mortgage. A decree is *res adjudicata* in respect to all matters of defense existing and which were available to the defendant at the date of passing the decree. *Trayhern* v. *Colburn*, 66 Md. 279 ;

*McDowell* v. *Goldsmith*, 6 Md. 319; *Beall* v. *Pearre*, 12 Md. 550.

As the appellant sets forth damages consequential upon the decree for the sale of the property, she thus claims damages resulting from the prosecution of a civil suit. Such suits are not encouraged because the law recognizes the right of every one to sue for what he honestly believes to be his own, and the .payment of costs incident to the failure to maintain the suit is ordinarily considered a sufficient penalty. Such suits have been allowed by this Court only in cases of an alleged malicious arrest of the person, or a groundless or malicious seizure of the property or the like. Now in this case the declaration shows that there has been no illegal seizure or trespass upon the property. The appellee acted by virtue of the ·*ex parte* decree under the consent clause in the mortgage, and also in pursuance of the deliberate judgment of a Court of competent jurisdiction, *i. e.*, the decree of the Circuit Court dismissing the appellant's bill to restrain the sale. The appellee thus acted under strong authority and by due process of law. As no appeal bond was given upon the appeal from the order dismissing the bill of complaint, the appellee had a clear right to make the sale of the property.

From the nature of things this case is and can be nothing more than a case for damages for the malicious prosecution of a civil suit. From the facts stated in the declaration the appellant was precluded from maintaining this action, since this Court has held, following the decision of the Supreme Court of the United States, that a judgment rendered by a lower Court in favor of the plaintiff, though reversed on appeal, ought to be conclusive as to the question of probable cause, in instituting the suit, "otherwise in every case of reversal an action would lie for the institution of the original suit." *Clements* v. *Excavating Co.*, 67 Md. 464; *Crescent Live Stock Co.*, 120 U. S. 141. The declaration in its present form is clearly insufficient. This Court has frequently enunciated the doctrine that the absence of any

one of the four essential averments in a declaration for malicious prosecution will render such declaration defective. *Cecil* v. *Clarke*, 17 Md. 508 ; *Thelin* v. *Dorsey*, 59 Md. 539; *Flickinger* v. *Wagner*, 46 Md. 580; *Owens* v. *Owens*, 81 Md. 576. The declaration does not aver either malice or want of probable cause.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from a judgment for the defendant upon a demurrer to the plaintiff's declaration. The cause of action set forth is of an unusual character and we will state it in the language of the declaration itself, which is as follows : "And the said Martha E. Gore, by her husband and next friend, Lewis D. Gore, of Baltimore City, in the State of Maryland, sues Levi Z. Condon, of the city and State aforesaid : For that on or about the eleventh day of May, 1889, the said defendant fraudulently obtained from one Daniel Frazier a fraudulent and void mortgage for the sum of six hundred dollars, upon the property of the plaintiff, situate in the city of Baltimore, on North Gilmor street, near Presstman street, which said fraudulent and void mortgage contained a consent clause for an *ex parte* decree, the said Condon well knowing at the time of obtaining said fraudulent mortgage that the property upon which it was obtained, and which was described therein, was the property of the said Martha E. Gore, and not the property of the said Daniel Frazier, the mortgagor therein, and that said mortgage was fraudulent and null and void as to the said plaintiff and her said property therein described.

" Yet, notwithstanding the said defendant knew that the said mortgage was fraudulently obtained, and was fraudulent and void as to the said plaintiff, the said Martha E. Gore, and her said property therein described, yet, nevertheless, to further carry out his fraudulent design, the said defendant did, on or about the — day of ———, 1894, file his petition and said fraudulent mortgage in the Circuit Court of Baltimore City, alleging said mortgage to be in

default, and under the said consent clause therein obtained
an *ex parte* decree from said Circuit Court for the sale of
the plaintiff's property, Charles W. Nash, Esq., of the Bal-
timore City bar, being appointed trustee by said decree to
make said sale, and on or about the 13th of June the said
defendant actually caused said trustee to advertise said
property for sale, and he, the said defendant, notified the
said plaintiff's tenants in the property to pay no more rents
to the plaintiff; that in order to save her said property from
sale as aforesaid, under said fraudulent mortgage and decree
so fraudulently obtained as aforesaid, was compelled to file
her bill of complaint in said Circuit Court aforesaid (which
she did on or about the 20th day of June, 1894), setting
forth the fraudulent character of said mortgage, and pray-
ing for an injunction to restrain said sale aforesaid, and that
said mortgage be decreed to be fraudulent and null and
void as to her and her property therein described; the said
writ of injunction did issue and was served upon the de-
fendant, Condon, and the said trustee, and remained in force
until on or about the 3rd day of June, 1895, during all
which time the said plaintiff received no rents or profits
from her said property on account of the said defendant
notifying the tenant in said property to pay her no rents;
and during all which time the taxes, water rents and ground
rents were accumulating, when, after hearing said cause, said
Circuit Court dismissed the plaintiff's bill of complaint with
costs to the defendant, from which said last decree the said
plaintiff, on or about the 5th day of June, 1895, took her
appeal to the Court of Appeals of Maryland, the said de-
fendant, Condon, having full knowledge of said appeal.
That notwithstanding the said defendant, Condon, had actual
knowledge of the fraudulent character of said mortgage,
and that the property therein described was the property of
the said plaintiff, Martha E. Gore, and that there was an
appeal pending in said Court of Appeals from said decree
dismissing her bill of complaint, yet pending said appeal, he
seized and sold said property under said *ex parte* decree;

whereupon all her tenants moved out without paying her any rent, and leaving said ground rents, taxes, water rents and other expenses unpaid. That after arguing said appeal in the Court of Appeals, the said Court reversed the decree of said Circuit Court of Baltimore City, and decided the said mortgage from said Frazier to said Condon to be fraudulent and void as to the said plaintiff, the said Martha E. Gore, and her said property, and remanded said cause to said Circuit Court, the said defendant, Levi Z. Condon, to pay all costs above and below ; all which more fully appears from the opinion of said Court of Appeals, recorded among the cases of said Court designated to be not reported, liber ——, folio ——, October Term, 1895 ; a copy of which opinion, taken from the " Daily Record," of November 25th, 1895, is hereto attached as part thereof.

" And said Circuit Court of Baltimore City, in pursuance of said opinion and decree of said Court of Appeals, passed a decree setting aside said sale made pending said appeal aforesaid, making said injunction perpetual and declaring said mortgage null and fraudulent as to the said plaintiff, Martha E. Gore, and her property. That at the time of advertising the said property, and of the defendant, Condon, notifying her tenants to pay her no more rent, the plaintiff had upon the premises three good prompt paying tenants who had occupied the premises for some time previous to said advertising and notice aforesaid, to-wit, a tenant in the dwelling-house paying twenty dollars per month, a tenant in the two rooms over the stable paying five dollars per month, and a tenant on the ground-floor of the stable paying two dollars and fifty cents per month rent, all of whom, upon the sale of said property, moved out, paying the plaintiff no rent and leaving the property in the hands of the defendant vacant (unless tenants he may have put in), the said defendant not even paying the taxes, ground rents and other expenses during all the time he was in possession thereof.

" And the plaintiff claims she has been damaged by the unlawful trespass upon her property and advertising the

same for sale, and sale thereof, and for the disgrace and dis-
repute into which she was brought on account of said ad-
vertising and sale, for the loss of her rents and profits from
the time the defendant notified her said tenants to pay her
no more rents, and for her large expenditure of money in
securing possession of her said property, in paying witness'
per diem and mileage, besides her own loss of time and ex-
pense, and for the depreciation in the value of her property
from neglect and non-occupancy while in the hands of the
defendant, and other damages to the said plaintiff and her
property from and by the unlawful acts and doings of the
said defendant in this behalf."

It will be seen that this is not an action for the malicious
prosecution of a civil suit without probable cause. Such
an action is generally maintainable as was held by this
Court in *McNamee* v. *Minke*, 49 Md. 133, where there
has been an alleged malicious arrest of the person or a
groundless and malicious seizure of property or the false
and malicious placing of the plaintiff in bankruptcy or the
like. But such suits are not, however, encouraged, says
this Court in *Clements* v. *Odorless Excavating Apparatus
Company*, 67 Md. 463, because the law recognizes the right
of every one to sue for that which he honestly believes to be
his own and the payment of costs incident to the failure to
maintain the suit, is ordinarily considered a sufficient pen-
alty. In an action for malicious prosecution or the abuse
of process the plaintiff must allege and prove that the suit
was instituted maliciously and without probable cause. The
declaration before us does not aver malice or the want of
probable cause, and does not count upon the malicious prose-
cution of a civil suit. No suit was in fact instituted against
the plaintiff. It alleges a wrongful interference by defendant
with the property of the plaintiff, and is an action on the case
for consequential damages.

The allegations of the declaration, which are admitted by
the demurrer, show that the defendant caused plaintiff's
tenants to refuse to pay to her their rents and caused other

injuries to plaintiff and that the defendant did intermeddle with property of which plaintiff was in possession with the right to possess, and which defendant knew to belong to the plaintiff. The question then is, whether the conduct of the defendant under the circumstances stated in this case constituted such a wrongful act, as will give rise to an action of damages. It would certainly seem just that if a man *knows* that certain property is not his, but another's, and that he acquired an apparent title to the same by fraud and that the title is void, then his intermeddling with such property to the damage of the real owner, is an unlawful act, for which a remedy should be afforded. To deny a remedy to the aggrieved party in such cases would be a reproach to the law. The mere fact that the interference with another's property was done under a *claim* of right and title is no defence, especially when, as in the present case, he knows that his title is fraudulent and void. An action has been held to lie in many cases of such interference when the parties have acted in good faith and under an honest mistake. In *Levi* v. *Booth,* 58 Md. 318, this Court regarded it " as clear law, that a person is guilty of a conversion who intermeddles with the property of another and disposes of it, and it is no answer that he acted under authority from some other person who had himself no authority to dispose of it." No good reason can be given why the same principle is not applicable to such acts of interference with a party's ownership of land as are described in the present case.

The right to maintain the action can also be sustained, upon the doctrine that a man who induces one of two parties to a contract to break it, intending thereby to injure the other or to obtain a benefit for himself, does the other an actionable wrong. *Lucke* v. *Clothing Cutters,* 77 Md. 398; *Angle* v. *Chicago, St. Paul, &c., Railway,* 151 U. S. 14; *Lumley* v. *Gye,* 2 El. & Bl. 216; *Bowen* v. *Hall,* 6 Q. B. D. 333; *Walker* v. *Cronin,* 107 Mass. 555.

But it is manifest that the declaration in this case is bad for misjoinder. It states two distinct and independent causes

of action in one count, one for damage for the interference with plaintiff's property-right and the other for damage to reputation.   *N. C. Ry. Co.* v. *Mills*, 61 Md. 358 ; *Cheetham* v. *Tillotson*, 5 Johnson, 430 ; *Stirling* v. *Garritee*, 18 Md. 474 ; *B. & O. R. R. Co.* v. *Ritchie*, 31 Md. 198.

As we have seen the first is a good cause of action, but the second, which seeks to recover for " the disgrace and disrepute into which plaintiff was brought on account of the advertising and sale," &c., is clearly demurrable.   It is well-settled that no action will lie for words spoken or written in the course of giving evidence or for words spoken or written in the course of any judicial proceeding.   *Bartlett* v. *Christhilf*, 69 Md. 225.

We are, therefore, of opinion that the demurrer to the declaration was properly sustained, and the judgment will be affirmed, but inasmuch as the declaration contains a good cause of action, the cause will be remanded, with leave to the plaintiff to amend, the costs to abide the result of this suit.

> *Judgment affirmed, and cause re-manded, with leave to the plain-tiff to amend, the costs to abide the result of this suit.*

(Decided April 1st, 1898).