70 So.2d 424

**REPUBLIC STEEL CORP.**

**v.**

**WHITFIELD.**

**6 Div. 526.**

Supreme Court of Alabama.

Aug. 6, 1953.

Rehearing Denied Feb. 25, 1954.

Burr, McKamy, Moore & Tate and Samuel H. Burr, Birmingham, for appellant.

John A. Jenkins, Birmingham, for appellee.

## PER CURIAM.

From a judgment in favor of appellee against appellant the appeal in this cause has been taken to this Court. The claim on which the judgment was rendered was for the malicious prosecution of a criminal charge in the Juvenile Court of Jefferson County for contributing to the delinquency of a minor, one Herman Grey, "by receiving or concealing or by aiding in concealing a sack of coal the value of to wit, fifty cents, knowing said coal had been stolen or having reasonable grounds for believing that said coal had been stolen and not having intent to restore said coal to the owner"; also that plaintiff did contribute to the neglect or delinquency of said minor by buying from him one sack of coal, or receiving or concealing or by aiding in concealing together with said minor the said one sack of coal which had been stolen or having reasonable grounds for believing that said sack of coal had been stolen and not having intent to restore said one sack of coal to the owner. One George B. Chester made the affidavit for the arrest of plaintiff. This suit is against the Republic Steel Corporation.

Appellant contends it was due the affirmative charge, which was requested and refused, for two reasons. One was that George B. Chester was not shown to have been without probable cause for believing that this plaintiff was guilty of the charge, and the other that it was not shown that Chester was acting in the line and scope of his employment by defendant.

On the trial of the charge in the juvenile court Madie Whitfield (appellee) was convicted. On that trial there was evidence by the minor in question and other minors. Herman Grey admitted stealing coal from defendant's coal cars and selling it to plain-

tiff. The other boys testified that they saw him sell it to plaintiff. Thereafter a motion was made to set aside that judgment of conviction, principally on the ground that one of those boys testified falsely and admitted doing so. This motion was granted and on another trial plaintiff was found not guilty.

The minor (Herman, Grey) named in the charge is a Negro boy twelve years of age, who was caught in the act of stealing coal off a car owned by defendant. He. was taken to the juvenile court where the probation officer talked to him in the presence of Chester. In reply to a question, he stated that during the Christmas holidays he had taken from the cars two half sacks of coal and sold them to this plaintiff. He named other boys who had seen him sell it to plaintiff. Later the boys made statements which were taken down in writing and signed by them. The statements were then exhibited to Elliott, a deputy solicitor for the county assigned to that court. He advised Chester. that there was probable cause for a warrant against plaintiff. Chester then signed the affidavit making the charge. Herman Grey had previously been caught by Chester stealing coal from defendant, at which time Chester took him home and turned him over to his. father who was an employee of defendant. It was known to them that defendant had a rule that if a member of an employee's family was caught stealing from the company, the employee would be discharged. Chester stated that these Negroes sometimes change their tale from one time to another.

Plaintiff testified that while she never bought any stolen coal she had seen boys taking coal "plenty of times". Her home adjoined defendant's railroad tracks.

As to the line and scope of the authority of Chester as an employee of defendant, the evidence was without dispute. He was a sergeant in the plant protection department, charged with the duty to protect the company property and company personnel and guard work. In that capacity he investi-gated the theft of coal from defendant and its trains. Mr. Hyde, superintendent of the protection department, instructed Mr. Chester to take Herman Grey to the juvenile court, and to make an investigation as to what Grey was doing with the coal.

The first contention made is that appellant was shown by the uncontradicted evidence to have had probable cause for believing that the charge against appellee in the juvenile court was well founded. The inquiry in that connection revolves around the effect of the judgment of conviction, its subsequent vacation and an acquittal on another trial based upon a change in the testimony of one of the boys with respect to the connection of plaintiff with the transaction.

 It is well settled in this State that when one charged with crime is discharged on preliminary trial by a committing magistrate or when a grand jury failed to indict, that is prima facie evidence of the absence of probable cause, not conclusive but sufficient to shift to defendant the burden to counteract its effect. But the acquittal of accused upon final trial is not even prima facie evidence of the want of probable cause. Stouts Mountain Coal Co. v. Grubb, 217 Ala. 274, 116 So. 156; Hanchey v. Brunson, 175 Ala. 236, 56 So. 971; Union Idemnity Co. v. Webster, 218 Ala. 468(21), 118 So. 794; McMullen v. Daniel, 229 Ala. 194, 155 So. 687.

Neither principle has direct application here, where accused was convicted on her trial in a court with jurisdiction to render a final judgment, and when the same court has set the judgment aside not because the evidence as given on that trial was insufficient, but because one of the witnesses (who was plaintiff's nephew) admitted swearing falsely.

 We have in this State a case cited by appellant, where a conviction in an inferior court was appealed to the circuit court and a *nol pros* was there entered. Kemp v. York, 16 Ala.App. 675, 81 So. 195, certiorari 202 Ala. 425, 80 So. 809:

see, also, 54 C.J.S., Malicious Prosecution, § 38, p. 1001; 38 Corpus Juris 416, note 94. Both the Court of Appeals and this Court carefully considered the subject and settled the rule for Alabama. That is, that the judgment of conviction, though later vacated and accused discharged, is prima facie evidence of the existence of probable cause for instituting the prosecution "which may be rebutted by any competent evidence which clearly overcomes the presumption arising from the fact of defendant's conviction in the first instance."

The question in the Kemp case, supra, was as to the sufficiency of a plea to which a demurrer was sustained. The Court of Appeals observed that the plea was so uncertain as to render it subject to the demurrer which was properly sustained. On certiorari, this Court stated that a special plea was unnecessary to raise the question, since evidence of the facts alleged was admissible under the general issue. But as a plea it was bad because it showed only a prima facie case for defendant, which is not good pleading for to sustain the plea would be a ruling that the conviction then vacated was conclusive of probable cause and not subject to be overcome by competent evidence to the contrary. The question was not discussed as to whether the presumption was clearly overcome by other competent evidence or the nature of such countervailing evidence.

■ In the instant case there was no evidence of an absence of probable cause. On the contrary, all the evidence was consistent with the existence of probable cause. It would hardly be sufficient to carry the question to the jury even if there were no presumption of probable cause arising from the conviction of plaintiff in the first instance, the burden being on plaintiff in that respect. As we have shown, an acquittal on the trial is not sufficient to raise an inference of want of probable cause. Probable cause in this connection "is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty." Hanchey v. Brunson, 175 Ala. 236, 56 So. 971, 972.

The matter of advice of counsel is said in the Kemp case, supra, to be the same in theory as when a conviction has been vacated, as it is "where a prosecutor has fully and fairly submitted to learned counsel all the facts which he knows, or, by proper diligence, could know to be capable of proof, and is advised that they are sufficient to sustain the prosecution, and, acting in good faith upon such opinion, he does institute a criminal proceeding, he cannot be held liable to an action for malicious prosecution, although the legal opinion given be erroneous. Such advice, honestly sought and honestly acted on, supplies the indispensable element of probable cause." Jordan v. Alabama Great Southern R. R. Co., 81 Ala. 220, 8 So. 191, 192.

■ The difference in the two situations is that in one the presumption results from record evidence of the conviction although it is set aside; and in the other the presumption results from a finding by the jury that all the known facts, or those which should have been known by proper diligence, were submitted to capable counsel and his opinion was honestly sought and was honestly acted upon. Our situation does not need a finding by the jury from oral evidence to support the presumption: the other does, though the presumption when it arises, is the same in both instances. So that, when it arises from the record and there is no "competent evidence which clearly overcomes the presumption" a case for the affirmative charge exists. Whereas, usually, the question of the effect of the advice of counsel must be submitted to the jury. Abingdon Mills v. Grogan, 167 Ala. 146, 157, 52 So. 596; Phillips v. Morrow, 210 Ala. 34, 97 So. 130; American Surety Co. v. Pryor, 211 Ala. 114, 99 So. 636.

■ We think the affirmative charge was due to be given, as requested by de-

·fendant, on the basis of that presumption which was not rebutted by any evidence.

█ Attention has also been given to the contention that Chester is not shown to have had authority to subject defendant to a claim for malicious prosecution of a criminal charge begun by him. The rule is that "employees and subordinate officers of a private corporation have no implied authority to engage in the apprehension and prosecution of persons suspected of crime involving loss to the corporation. Only one invested with the corporate power in such sense that he is the alter ego of the corporation as regards such proceedings can bind the corporation for such tort or ratify it after commission". ·Also, "Reeder was the head guard at the plant of defendant, with the duty to guard the paymaster as on· the day of the robbery. He was sometimes known as chief of· police. The performance of his duty to protect the property of his employer carried power to arrest persons in the commission of crime of this character". The foregoing quotation is from Daniel v. Goodyear Tire and Rubber Co., 225 Ala. 446, 143 So. 449, 451; Southern Ry. Co. v. Beaty, 212 Ala. 608, 103 So. 658; Gorman-Gammill Seed & Dairy Supply Co. v. Morton, 203 Ala. 530(6), 84 So. 766. But we need not seek to apply the principle involved in those cases for there may be additional evidence on that question on another trial.

The preceding discussion seems to be ·sufficient for another trial. The judgment should be reversed and the cause remanded. ·

The foregoing opinion was prepared by Foster, Supernumerary Judge of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.