These cases are on appeal from the granting of summary judgments for defendants in two malicious prosecution actions and have been consolidated before this court. The issues and defendants are identical. Therefore, the cases will be treated as one case herein.
The three defendants are Empire Gas Corporation, a Missouri corporation; Empiregas, Inc. of Belle Mina, and Empiregas, Inc. of Huntsville, both Alabama corporations. Plaintiff Jack Jordan and plaintiff James L. Sisco brought identical suits containing three counts, two claiming damages for malicious prosecution of a civil action and one charging malicious continuation of the prosecution of a former action. Summary judgments were granted in favor of the defendants. Plaintiffs moved to set aside the summary judgments, but these motions were overruled by the trial court.
The prior action, upon which the present suits were based, was commenced by Empiregas, Inc. of Belle Mina against Sisco and Jordan on August 21, 1969. This action was terminated in favor of Jordan and Sisco on February 24, 1971. The basis of that prior suit was that Sisco had entered into an employment contract containing a non-competition provision with Gas 
Chemicals, Inc., the predecessor of Empiregas, Inc. of Belle Mina. The non-competition provision which James Sisco signed contained the following language:
 "* * * not to engage in, for his own account or for others, in any manner whatsoever, the sale of or handling of LP-Gas and related items for a period of five (5) years from the date of termination of this Agreement within a fifty (50) mile radius of Jeff, Alabama."
Empiregas, Inc. of Belle Mina contended that when Sisco went to work for Jack Jordan, d/b/a Jordan Gas Company, he violated the non-competition provision.
This court, in the case of Sisco v. Empiregas, Inc. of BelleMina, 286 Ala. 72, 237 So.2d 463 (1970) reversed the trial court for failing to sustain the demurrers of Sisco and Jordan and directed that an injunction previously issued be dissolved on the grounds that the contract containing the non-competition provision was personal and could not be effectively assigned by Gas Chemicals, Inc. to Empiregas, Inc. of Belle Mina. This court also reversed the trial court for granting a permanent injunction since the case was not ripe for such relief at the hearing on demurrer and motion to dissolve the temporary injunction. On remand the action was terminated favorably for Sisco and Jordan on February 24, 1971.
Jordan and Sisco each filed a complaint on February 23, 1972 seeking damages against Empire Gas Corp., Empiregas, Inc. of Belle Mina, and Empiregas, Inc. of Huntsville for maliciously instituting and maliciously continuing the prosecution of the injunction suits.
In their motion for a summary judgment, the defendants contended that: (1) this action was not properly or effectively commenced within the meaning of the laws of *Page 734 
this State in force and effect at the time of the filing of this action; (2) since there were no allegations or proof that the trial court's decree in the prior case, which was appealed, was obtained by fraud, perjury or other improper means, the trial court's decree conclusively established probable cause for bringing the prior action; and (3) defendants Empire Gas Corporation and Empiregas, Inc. of Huntsville were not parties to the original action upon which the action was based and since there was no allegation or proof that they were conspirators or aiders and abettors, they were entitled to summary judgment.
The motion for summary judgment was granted but the trial judge did not specify which of the grounds served as the basis for his ruling nor did he specify the grounds for overruling the motion to set aside the court's granting of summary judgment.
In reviewing the trial court's action in granting summary judgment, this court will first consider the issue of probable cause.
Defendants contend that the case of Boothby Realty Co. v.Haygood, 269 Ala. 549, 114 So.2d 555 (1959) supports the trial judge's action in granting summary judgment on the issue of the existence of probable cause to maintain the prior action. This court concurs in this contention and therefore affirms the trial court.
This court in Boothby Realty Co. was faced with the question of what effect should a judgment obtained in a prior civil action be given in a malicious prosecution suit brought by the defendant Haygood. In the prior civil action Boothby Realty Company obtained a judgment against Mrs. Haygood for rent in an inferior court in Birmingham. Mrs. Haygood took an appeal to the Circuit Court of Jefferson County and obtained a favorable jury verdict which held that she did not have to pay the rent. In the malicious prosecution action subsequently brought by Mrs. Haygood, she was awarded damages in the trial court (the circuit court) but on the appeal this court held that Boothby Realty Company was entitled to a general affirmative charge. The basis for that holding was that the favorable judgment received by Boothby Realty Company in the inferior court in the prior action was conclusive as to the presence of probable cause since there was no evidence that the judgment in the inferior court was obtained by fraud, perjury or other improper means. This conclusion was reached even though the judgment of the inferior court was later reversed on appeal.
In order for a plaintiff to maintain an action for malicious prosecution the following elements are essential: (1) a prior judicial proceeding; (2) defendant instigated the proceeding; (3) want of probable cause; (4) malice (5) termination of the judicial proceeding favorable to the plaintiff; and (6) damages. Covington v. Robinson, 242 Ala. 337, 6 So. 421 (1942);Boothby Realty Co. v. Haygood, supra.
This court in Boothby Realty Co. set forth many reasons why there should be a different standard of "want of probable cause" in malicious prosecution suits where the prior action was a civil case as opposed to a criminal case. Justice Merrill, in Boothby Realty Co. stated as follows:
 "The `settled rule for Alabama' is `that the judgment of conviction, though later vacated and accused discharged, is prima facie evidence of the existence of probable cause for instituting the prosecution "which may be rebutted by any competent evidence which clearly overcomes the presumption arising from the fact of defendant's conviction in the first instance."' Republic Steel Corp. v. Whitfield, 260 Ala. 333, 70 So.2d 424, 426; Kemp v. York, 16 Ala. App. 675, 81 So. 195, certiorari denied, 202 Ala. 425, 80 So. 809.
 "The majority rule in malicious prosecution cases arising out of civil cases is that unless a judgment or decree in prior civil proceedings against the malicious prosecution plaintiff was obtained by fraud, perjury or other improper means, the judgment or decree [of the inferior court] establishes or shows conclusively the existence of probable cause
for bringing the former action even though it was subsequently reversed or set aside. *Page 735 
58 A.L.R.2d 1430, § 5; 34 Am.Jur., Malicious Prosecution § 57; 54 C.J.S. Malicious Prosecution § 24b." (Emphasis supplied.)
Boothby Realty Co. v. Haygood, 269 Ala. 549, 552,114 So.2d 555, 557 (1959); see also Restatement of Torts, Vol. 3, §§ 675 (1938).
After adopting the majority rule for this state this court inBoothby Realty Co. stated that actions for malicious prosecutions were not "favored in law," and that a malicious prosecution action should face stringent limitations. 54 C.J.S. Malicious Prosecution, § 3; American Surety Co. v. Pryor,217 Ala. 244, 115 So. 176 (1927). In explaining this position Justice Merrill stated:
 "One of the reasons for this rule is that public policy requires that all persons shall resort freely to the courts for redress of wrongs and to enforce their rights, and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge. If this were not the case, a large proportion of unsuccessful civil actions would be followed by suits for malicious prosecution, and there would be a piling of litigation on litigation without end. Burt v. Smith, 181 N.Y. 1, 73 N.E. 495; Gore v. Condon, 87 Md. 368, 39 A. 1042, 40 L.R.A. 382, 67 Am.St.Rep. 352; Owens v. Graetzel, 149 Md. 689, 132 A. 265."
Boothby Realty Co. v. Haygood, 269 Ala. 549, 554,114 So.2d 555, 559 (1959).
In the case here on review, the defendants contend that the ruling of the trial court to maintain the injunction after an adversary hearing likewise conclusively establishes probable cause since there was no evidence of fraud, perjury or other improper means. Jordan and Sisco contend that there is a distinction between Boothby Realty Co. and this case in that this court in Sisco v. Empiregas, Inc. of Belle Mina, supra, reversed the case because the complaint failed to state a cause of action. The position of Jordan and Sisco is that if a complaint will not support a judgment, then the injunctive holding of the trial court cannot conclusively establish probable cause.
Sisco had agreed that he would not compete in the business of selling liquified petroleum gas within a 50-mile radius of Jeff, Alabama, for a period of five years if he left the employment of Gas Chemicals, Inc., the predecessor and the assignor of the assets of Empiregas, Inc. of Belle Mina. He voluntarily terminated his employment with Empiregas, Inc. of Belle Mina on June 30, 1969, and shortly thereafter became an employee of Jack Jordan, d/b/a Jordan Gas Company, and was involved in competition for LP gas customers within the prohibited geographical area. The trial court granted an ex parte temporary injunction against Sisco and Jordan on August 21, 1969. Thereafter Sisco and Jordan filed demurrers, answers and motions to dissolve the temporary injunction. On September 12, 1969, a hearing was held that lasted approximately three days during which a number of witnesses for both sides testified. At the conclusion of the hearing, the trial court entered a decree dated September 22, 1969 containing a finding of facts, overruling the demurrers, denying the motion to dissolve and granting Empiregas, Inc. of Belle Mina a permanent injunction. The action of the trial court was appealed and this court reversed by sustaining the demurrer on the basis that the non-competition provision was personal and, therefore, non-assignable.
When it comes to a determination of the existence of probable cause, an erroneous lower court decree based on an improper interpretation of law, under the facts and law involved in this case, should not be afforded a different status than that given an erroneous finding of facts by an inferior court, as occurred in Boothby Realty Co.
This court holds that the continuation of the injunction after an adversary hearing under the facts of this case conclusively established probable cause and is, therefore, a defense to the counts charging malicious prosecution. Thus the trial judge did not err in granting summary judgment as to Counts One and Two.
Count Three of the complaint in the instant case alleges malicious continuation of *Page 736 
the prosecution of the summary action. Jordan and Sisco contend this count is based on the defendant's continuation of the prosecution after the reversal and remandment by this court ofSisco v. Empiregas, Inc. of Belle Mina, supra. This court sustained the demurrer on the grounds that the non-competition provision was not assignable and because of insufficient pleadings as to whether or not the complaint alleged a new contractual arrangement between Sisco and Empiregas, Inc. of Belle Mina after Empiregas, Inc. of Belle Mina took over from Gas Chemicals, Inc. The opinion stated that the court reversed as to the trial court's overruling of the demurrers without prejudice in order to give Empiregas the right to amend its bill to state a cognizable equitable theory of relief.
Under the facts of this case the continuation of the prosecution of the case after this court reversed and remanded is so intertwined with the institution of the action that a distinction between the original bringing of the suit and the continuation after reversal and remandment does not surface. Further, the proceedings following this court's remandment were in keeping with the language of the opinion of this court in that case. Thus this court cannot hold that the conclusive presumption of probable cause evaporated because Empiregas, Inc. of Belle Mina did not immediately terminate the proceeding following the reversal of the granting of the injunction. Therefore the granting of summary judgment as to Count Three was also correct.
In order to affirm the trial court's granting of summary judgment it is only necessary that this court find one of the grounds argued by the defendants to be valid. Having found that there was a conclusive presumption of probable cause, the court will not consider the other grounds argued by defendants. This case is due to be affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.