386 So.2d 1137 (1980)
Cleveland L. BROWN
v.
Charles N. PARNELL, III, et al.
79-140.
Supreme Court of Alabama.
August 8, 1980.
Richard S. Jaffe and Marion F. Walker of Walker, Jaffe & Burton, Birmingham, for appellant.
*1138 Robert C. Black of Hill, Hill, Carter, Franco, Cole & Black, Montgomery, for appellee.
FAULKNER, Justice.
This is an appeal from a summary judgment granted in favor of defendant attorneys in a malicious prosecution and abuse of process action. We affirm.
Cleveland Brown is president and 98% shareholder in Auto Sound and Distributors, Inc., a corporation. On the advice of his attorney, he filed complaints in small claims court to collect three bad debts. Brown, who was not an attorney, appeared in small claims court on behalf of his corporation and obtained two judgments. While he was in court he was observed by at least three of the defendant attorneys, Gatewood Walden, Nick Parnell and Horace Lynn. After the court session, Walden, Parnell, Lynn and Collier Carlton, who was also in court when Brown appeared, went into the coffee shop and discussed Brown's appearance in the small claims court representing his corporation and that he was not an attorney. The contents of this conversation and the defendants' subsequent actions leading to issuance of a warrant for Brown's arrest are in dispute. Apparently, there was some concern about Brown's unauthorized practice of law and the legal and ethical considerations confronting the defendant attorneys if they did not act to report and stop this violation. Among these defendants and others there was some discussion about a conflict between the Small Claims Court Rules which seemed to allow Brown to represent his corporation and 1942 Alabama case law which would not allow a private individual to represent his corporation in court.
Members of this group contacted J. O. Sentell, Clerk of the Supreme Court and the local bar association to determine if Brown was a licensed attorney. They also consulted the Secretary of State's office to learn if Brown's business was incorporated.
Parnell, Harry Perdue, Donald Harrison, Lynn, and Walden signed a warrant for Brown's arrest for the unauthorized practice of law pursuant to Title 46, § 42, Code of Alabama 1940 (now Code 1975, § 34-3-7). Brown was arrested and was subsequently tried and convicted of the charges in district court. He appealed to the circuit court where the district attorney nol-prossed the case.
Brown then filed a complaint for malicious prosecution and abuse of process against the defendants, who moved for summary judgment. He also filed a motion in opposition to the summary judgment along with briefs and affidavits. The parties dispute whether there was ever a hearing on this motion. The motion for summary judgment was granted with no grounds specified as the basis for that ruling. After denial of his motion for reconsideration, Brown appeals.
We are presented with two issues on appeal: first, whether the trial court erred in granting the defendant's motion for summary judgment where there were genuine issues as to material facts regarding elements of malicious prosecution, i. e., malice, probable cause, and a termination favorable to Brown; and second, whether defendants were guilty of abuse of process.
To successfully maintain an action for malicious prosecution the plaintiff has the burden of providing the following essential elements: (1) a prior judicial proceeding; (2) instigated by the defendant; (3) without probable cause; (4) with malice; (5) which was terminated in favor of the plaintiff; and (6) damages. Gosnell v. Slaughter, 364 So.2d 1154 (Ala.1978); Jordan v. Empiregas, Inc. of Belle Mina, 337 So.2d 732 (Ala.1976). A different standard is used to determine whether there was a "want of probable cause" in a malicious prosecution suit when the prior action was a criminal case as opposed to a civil case. Compare Republic Steel Corp. v. Whitfield, 260 Ala. 333, 70 So.2d 424 (1953), (contributing to the delinquency of a minor) with Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555 (1959), (nonpayment of rent under a lease). The rule where the prior conviction occurred in a criminal case *1139 is that "the judgment of conviction, though later vacated and accused discharged, is prima facie evidence of the existence of probable cause for instituting the prosecution `which may be rebutted by any competent evidence which clearly overcomes the presumption arising from the fact of defendant's conviction in the first instance.'" Jordan v. Wilson, 263 Ala. 625, 626, 83 So.2d 340, 342 (1955), quoting from Republic Steel Corp. v. Whitfield, 260 Ala. at 337, 70 So.2d at 426 (emphasis added). The reasoning behind that rule was expressed thusly:
"The true and logical reason why a conviction reversed on appeal and the defendant discharged is relevant evidence on the issue of probable cause is, not that the judgment imports absolute verity; for after the reversal and discharge there is in fact and law no judgment. The true reason, as stated in the case of Nehr v. Dobbs, 47 Neb. 863, 66 N.W. 864, is the fact that ordinarily, if a court having jurisdiction has upon a full and fair trial proceeded to conviction, it must have had before it such evidence as would convince a prudent and reasonable man of the guilt of the accused. Therefore, while a subsequent reversal may show that the accused was in fact innocent, yet it does not show that there was no probable cause for believing him guilty."
Ex parte: Kemp, 202 Ala. 424, 424-25, 80 So. 809-10 (1919) (malicious prosecution action instituted after nolle prosequi of plaintiff's appeal to circuit court, quoting from Skeffington v. Eylward, 97 Minn. 244, 105 N.W. 638 (1906).
In the case before us, we must determine whether there was sufficient competent evidence to clearly overcome the prima facie presumption of probable cause arising from Brown's conviction in district court. Brown contends that probable cause was lacking for several reasons: the discussion of the apparent conflict between the Small Claims Rules pamphlet and Alabama case law led to the idea that a warrant be sworn out against Brown to institute a test case, the proportion of collection work done by some of the defendant attorneys, and the individual defendants' failure to act as prudent and competent attorneys would have done investigating the Small Claims Rules and determining whether Brown was an attorney and his business a corporation.
Harry Perdue handles collections amounting to approximately 50% of his work load. At the time of the incident in Small Claims Court, Nick Parnell was associated with a firm that did collection work. Horace Lynn is a member of a firm which does a small amount of collection work and he had occasionally appeared in Small Claims Court. Don Harrison and Gatewood Walden do almost no collection work. Collier Carlton, who signed the warrant but was not sued for malicious prosecution, does no collection work himself, all of his firm's collection cases being handled by his partner which amount to about a quarter of his partner's work.
Walden, Parnell, Lynn and Carlton were sitting in the small claims courtroom when Brown presented his cases to the judge. All of them stated in their depositions that Brown was attempting to perform as an attorney would in a courtroom, arguing his case and presenting documents to the judge. They stated that from his demeanor at the bar they thought him not to be an attorney and none of them recognized him as a member of the Montgomery Bar although it was clear to all of them that he was representing a local business. There in the courtroom they briefly questioned each other on whether any of them knew Brown to be an attorney. Walden specifically stated that he heard Brown tell the judge that he represented a corporation and several of the others got that impression from his argument. Don Harrison testified on deposition that while he did not sit in the courtroom with the other attorneys that he walked into the room, observed Brown arguing his cases and left the courtroom.
Walden, Parnell, Carlton, Lynn, Harrison, and Perdue were all a part of the discussion in the courthouse coffee shop that went on after the incident in Small Claims Court. They questioned each other on whether Brown was an attorney and a member of *1140 the bar and generally resolved that he was not. Perdue, having been president-elect of the Montgomery County Bar Association, would have known or have seen a list of all the members' names. They discussed their belief that Brown was not an attorney based on his actions before the Small Claims judge and that this was a violation of the law, a misdemeanor. They talked about the legal and ethical considerations involved in knowing of the violation and their individual and collective responsibility in reporting it. With no mention of names or the specific violation of law, a judge who walked into the coffee shop was asked what they should do if they had observed a violation of the law and were told that it was their duty to act, to report the violation. Parnell and Harrison were effectively delegated the duty of contacting the local bar association, J. O. Sentell, and the corporations clerk with the Secretary of State. This was done and it was learned and reported to the others that in fact Brown was not a licensed attorney and his business that he had represented was a corporation. Harrison even called his place of business. Lynn looked up the statute involved and both he and Harrison contacted the court clerk to see the docket sheets and the pleadings filed in the cases in which Brown was involved. Parnell, who had previously had a client involved in a similar situation and done research in this area, had his memory jogged about a case in this area and then looked up Ex parte: Lamberth, 242 Ala. 165, 5 So.2d 165 (1942), and read it to some of the other attorneys. All of them knew of the Small Claims Rules although some of them had had no contact with the court management pamphlet which stated that an individual could represent his own corporation. Carlton was the only one of the attorneys who testified on deposition that he was concerned about the conflict in the rules and the case law. After this discussion and discussions with several of their partners or attorneys with whom they shared office space the defendants decided to swear out the warrant. Additionally, Perdue was told by a circuit judge that he ought to sign the warrant or do something about this as an officer of the local bar association. None of the attorneys knew or had ever had any contact with Cleveland Brown.
Our review of the deposition testimony which was offered in support of the motion for summary judgment does not reveal to us that Brown presented sufficient competent evidence to clearly overcome the prima facie presumption of probable cause. Having found the defendants' motion for summary judgment to be supported by one of the asserted issues of material fact, we need not address the other two asserted issues of material fact. See, Jordan v. Empiregas, Inc. of Belle Mina, supra.
Brown also presents the issue of whether defendants were guilty of abuse of process. That cause of action has as an element of proof the existence of an ulterior purpose in filing the action. Dillon v. Nix, 55 Ala.App. 611, 318 So.2d 307 (1975). Our examination of the facts involved does not reveal such an ulterior purpose.
AFFIRMED.
ALMON, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J., concurs specially.
TORBERT, Chief Justice (concurring in the result).
By concurring in the result, I do not wish to be understood as approving nor condoning the initiation of criminal process to resolve the issue of whether Mr. Brown was engaged in the unlawful practice of law in the filing of a claim on behalf of his own corporation in the Small Claims Court. This issue, subsequently addressed and now resolved by the legislature (See, Act No. 80-758, SB. 247), has been subject to varied opinions and considerable controversy. Other more appropriate remedies were available short of criminal sanctions. Moreover, Mr. Brown may have filed these claims in court based upon certain language contained in the informational handbook entitled "The Who, When and How of Using the Small Claims Court in the State of Alabama" which was distributed as an aid to persons filing such claims.