# Fuqua *v.* Gambill.

## *Action for False Imprisonment and Malicious Prosecution.*

1. *Pleading and practice; when overruling demurrer to plea without injury.*—In an action to recover for false imprisonment, where the defendant sets up by special plea that the plaintiff had violated on ordinance of the city and was arrested by one of the city officers therefor, the overruling of a demurrer to such plea, upon the ground that it was not averred therein that the ordinance was a valid one, if erroneous, is error without injury, where the court subsequently instructed the jury that said ordinance was invalid.

2. *Action for false imprisonment; admissibility of evidence.*—In an action to recover damages for false imprisonment, where it is averred in one of the counts of the complaint that the prison where the plaintiff was confined was "a foul den filled with noxious odors," the plaintiff should be allowed to show the condition of the prison in which he was confined as to cleanliness and odors, and evidence in reference thereto is admissible.

3. *Action for false imprisonment; when general affirmative charge properly refused.*—In an action for false imprisonment, where each of the counts of the complaint avers that the arrest and imprisonment were malicious and without probable cause, it is proper for the court, though the evidence shows

[Fuqua v. Gambill.]

that the plaintiff had been imprisoned without probable cause, to refuse the general affirmative charge requested by the plaintiff; the existence of malice, as averred in the complaint in such case, being a question for the jury.

4. *Same; charge of court to jury.*—In such a case, charges requested by the plaintiff which pretermit all reference as to whether the defendant intended malice towards the plaintiff at the time he caused the arrest of the plaintiff, are erroneous and properly refused.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHARLES A. SENN.

This action was brought by the appellant, John E. Fuqua, against the appellee, A. A. Gambill. As stated in the opinion, the complaint contained six counts; the 1st, 3d and 5th of which sought to recover damages for false imprisonment, and the 2d, 4th and 6th to recover damages for malicious prosecutions. In each of the counts of the complaint the plaintiff claimed $2,500 damages. In each of the counts for false imprisonment it was alleged that the defendant "maliciously and without probable cause therefor," caused the plaintiff to be arrested and imprisoned. In the 5th count it was averred that the plaintiff was confined in the Birmingham city prison "which is a foul den filled with noxious odors, and that he was thrown with disreputable persons confined in said prison," etc.

The defendant pleaded the general issue and several special pleas. The substance of the 4th special plea is sufficiently stated in the opinion.

To the 4th special plea the plaintiff demurred upon the grounds: 1. It presents an immaterial issue. 2. It does not aver or show that J. J. Boggan was not acting for or at the instance of the defendant. 3. That it does not show or aver that the ordinance, for the violation of which the plaintiff was arrested, is a valid law of the city of Birmingham. 4. That it does not aver or show that the defendant did not cause the warrant to be issued.

The plaintiff introduced evidence tending to show that he was a milkman and was arrested while delivering his milk in the city of Birmingham and was impris-

oned. While the plaintiff was being examined as a witness, he was asked the following question: "What was the condition of the prison in which you were placed as to cleanliness and odors?" The defendant objected to this question, because it called for irrelevant and immaterial testimony. The court sustained the objection, and the plaintiff excepted. It was shown that the plaintiff was arrested for the violation of an ordinance of the city prohibiting the sale of milk therein without first having taken out a license so to do. The ordinance alleged to have been violated was introduced in evidence. The court instructed the jury that the ordinance alleged to have been violated by the plaintiff and which was introduced in evidence, was not a valid ordinance of the city of Birmingham, and did not impose upon the plaintiff any duty or obligation to take out and pay for the license to sell milk.

The plaintiff requested the court to give to the jury the general affirmative charge in his behalf, as to the 1st, 3d and 5th counts of the complaint, and duly excepted to the court refusing to give each of them as asked.

The plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (4.) "I charge you, gentlemen of the jury, that under the evidence in this case, there was no law requiring the plaintiff to pay license and if you believe from the evidence that the defendant caused the plaintiff to be arrested and imprisoned, then your verdict must be for the plaintiff, and you would be authorized to assess such damages as the evidence may show, to your reasonable satisfaction, the plaintiff justly entitled to, not exceeding the amount of the claim in the complaint." (5.) "I charge you, gentlemen of the jury, that if you believe from the evidence that J. J. Boggan was the defendant's deputy, and that the said J. J. Boggan arrested the plaintiff, and that at the time of making the arrest he was acting for and on behalf of the defendant within the scope of his authority, and if you further believe from the evidence that the warrant was not sworn out by some citi-

[Fuqua v. Gambill.]

zen of Birmingham, and that this was known to the defendant or to said Boggan, then, I charge you, that even if there was a warrant in the hands of the said Boggan for the arrest of the plaintiff, this affords no protection for the defendant for causing the arrest of the plaintiff, if you find from the evidence that he did cause such arrest."

The court at the request of the defendant gave to the jury the following written charges, to the giving of each of which the plaintiff separately excepted:　(1.)　"The court charges the jury that the burden of proof rests on the plaintiff, Fuqua, in this case to establish by a preponderance of evidence every material allegation of a count in the complaint before he is entitled to recover a judgment under such a count."　(2.)　"The court charges the jury that unless they find from a preponderance of the evidence that the defendant, Gambill, caused the plaintiff's arrest, then the verdict should be for the defendant, Gambill."

There were verdict and judgment for the plaintiff, assessing his damages at $1.51.　Plaintiff appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

A. O. LANE, for appellant.—The demurrer to the 4th plea should have been sustained.—*Gambill v. Schmuck,* 131 Ala. 332.

The plaintiff should have been allowed to show the condition of the prison in which he was placed, as to cleanliness and odors.—*Fenelon v. Butts,* 53 Wis. 344; *Taylor v. Davis,* 13 S. W. Rep. 642; *McCall v. McDowell,* 1 Abb. (U. S.) 212; *Abraham v. Cooper,* 81 Pa. St. 232.

The charges requested by the plaintiff should have been given.—*Pullman P. C. Co. v. Adams,* 120 Ala. 599; *Arndt v. Cullman,* 132 Ala. 552; *Southern R. Co. v. Riddle,* 126 Ala. 244.

ALTMAN & ALTMAN, *contra.*

[Fuqua v. Gambill.]

TYSON, J.—The complaint contains six counts. 1, 3 and 5 are for false imprisonment. Counts 2, 4 and 6 are for malicious prosecution. There was a verdict and judgment for plaintiff, appellant here.

The first assignment of error is predicated upon the ruling of the court in overruling a demurrer to special plea numbered 4 interposed to the counts for false imprisonment whereby the plaintiff was forced to take issue upon it. The averments of that plea are that plaintiff had violated an ordinance of the city of Birmingham prohibiting the sale of milk without having first paid for and taken out a license so to do, and that he was arrested by one Boggan for that offense under and by virtue of a warrant issued out of the Inferior Criminal court of said city having the power and jurisdiction to issue it, and that Boggan was clothed with the authority to execute the warrant. The averment that the plaintiff violated the ordinance was the affirmation of the fact that the ordinance was a valid one. If the ordiance was invalid, and the court so instructed the jury as the record shows it did at the written request of the plaintiff, we are unable to see how the overruling of the demurrer, if error, was prejudicial to the plaintiff.

The plaintiff should have been allowed to show the condition of the prison in which he was confined as to cleanliness or odors.—*Abrahams v. Cooper*, 81 Pa. St. 232; *Fenelon v. Butts*, 53 Wis. 344; 19 Am. & Eng. Ency. Law, (2d ed.) 702.

It is next insisted that the affirmative charge requested by plaintiff upon each of the counts for false imprisonment should have been given. All other considerations aside, suffice it to say that each of the counts contained the averment that the arrest and imprisonment were malicious and without probable cause. While this averment was unnecessary, these elements must be shown by plaintiff to have existed before he can recover. *Rich v. McInerny*, 103 Ala. 345. The existence of malice is always a question for the jury.—3 Mayfield's Digest, § 193.

Written charges 4 and 5 requested by the plaintiff were also properly refused. It is a sufficient condemna-

tion of them to say that they pretermit all reference to whether the defendant entertained malice at the time he caused the arrest of plaintiff. Since the jury found for the plaintiff no possible injury could have been suffered by him for the giving of the two written charges requested by the defendant, even if it be conceded that they are erroneous.

For the error pointed out the judgment must be reversed and the cause remanded.