(97 South. 130)
**PHILLIPS et al. v. MORROW.** (4 Div. 32.)

(Supreme Court of Alabama. May 3, 1923. Rehearing Denied June 14, 1923.)

1. Criminal law ⬥218(2)—Warrant for arrest returnable for preliminary hearing in county other than where offense charged to have been committed held void under statute.

Code 1907, § 7519, authorizing circuit judges to issue warrants of arrest throughout the state, must be construed in pari materia with section 7225, which provides that the local jurisdiction of all public offenses, unless otherwise provided, is in the county where the offense is committed, which applies as well to preliminary as to final hearings, and held, that a warrant charging an offense committed in one county and directing that defendant be arrested and brought before the judge issuing the warrant in another county is void, nor do sections 5871, 6278, 6282, or 7588 operate to authorize such a preliminary hearing outside the county in which the offense is committed.

2. False imprisonment ⬥7(3) — Invalid warrant held no protection to arresting officers.

Where the warrant disclosed its own invalidity as it showed that the offense charged was committed in one county and was returnable before the judge who issued it at another county, the arresting officers were not protected by it.

3. False imprisonment ⬥4 — Malice essential to recovery of exemplary damages.

Malice, though not an essential element of false imprisonment, will be considered to increase or mitigate damages, and must be present in order to warrant recovery of exemplary damages.

**4. False imprisonment ⬅⚫⮕24—Evidence of ill will admissible on question of damages.**

In an action for false imprisonment, evidence of ill will of defendant, of lack of reasonable cause for the imprisonment, or of wanton abuse of process, is admissible to enhance damages, and evidence of defendant's good faith is admissible to rebut claim of vindictive damages but not to reduce the verdict for actual damages.

**5. False imprisonment ⬅⚫⮕14—Advice of counsel defense to charge of malice.**

In an action for false imprisonment, where malice or its equivalent may be involved if defendant acted solely on the advice of a reputable attorney, such fact will be a complete defense against malice or bad faith.

**6. False imprisonment ⬅⚫⮕39—Malice question for jury.**

In an action for false imprisonment, the question whether or not malice or bad faith is refuted is a question for the jury.

**7. Officers ⬅⚫⮕131—Surety on law enforcement officer's bond held not liable for punitive damages.**

In an action for false imprisonment against law enforcement officers and the surety on their official bonds, where defendant bonding company did not authorize, direct, participate in, or ratify the arrest, *held*, under General and Local Acts 1920, p. 9, § 4, relating to the bond required of law enforcement officers, and section 1500, that the bonding company was not answerable for punitive damages.

**8. False imprisonment ⬅⚫⮕28 — Publication admissible to show injury.**

As a rule, where the complaint for false imprisonment charges that the arrest was published, the publication, when it is a plain unvarnished account, is admissible to show the publicity and consequent injury.

**9. Trial ⬅⚫⮕48—Publication of fact of arrest held inadmissible because containing inadmissible comments.**

In an action for false arrest, a publication of the fact of arrest which contained comment and other matter, which was inadmissible, *held* properly excluded.

**10. False imprisonment ⬅⚫⮕25—Proof of character inadmissible unless in issue.**

In an action for false imprisonment, proof of plaintiff's good character is inadmissible unless put in issue.

Appeal from Circuit Court, Coffee County; Arthur B. Foster, Judge.

Action for damages by Marion N. Morrow against Lon L. Phillips, William Cook Wilson, Arzo Walker Crow, and the National Surety Company. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The complaint charges that the individual defendants are state law enforcement officers; that the National Surety Company is surety on their official bonds; that such officers maliciously and without probable cause arrested plaintiff on a charge of burglary and imprisoned him for two days; that such officers wrongfully and unlawfully arrested plaintiff under a warrant issued by Leon McCord, judge of the Fifteenth judicial circuit of Alabama, and made returnable before said Leon McCord; that said warrant, returnable at Montgomery, was absolutely void.

Ball & Beckwith, of Montgomery, and W. W. Sanders, of Elba, for appellants.

It is not mandatory that a defendant be tried under preliminary process in the county where the offense is committed, and unless he object thereto the judgment of the court is valid, and not subject to collateral attack. Ex parte Davis, 95 Ala. 9, 11 South. 308; State v. Humphrey, 125 Ala. 110, 27 South. 969. Code 1907, §§ 6278, 6282, 7225; Mobile Bank v. Rutledge, 13 Ala. 196; Freeman v. McBroom, 11 Ala. 943; Gay v. Brierfield Co., 94 Ala. 303, 11 South. 353, 16 L. R. A. 564, 33 Am. St. Rep. 122; 40 Cyc. 113. Exemplary damages are not generally recoverable against sureties upon bonds, even though the breach on the part of the principal was malicious or tortious. Hair v. Little, 28 Ala. 236; Lienkauf v. Morris, 66 Ala. 406; Pollock v. Gantt, 69 Ala. 373, 44 Am. Rep. 519; Burns v. Campbell, 71 Ala. 292; City Nat. Bank v. Jeoffries, 73 Ala. 183; 2 Sutherland on Dam. (3d Ed.) 1333; 3 Sutherland, 2744; Johnson v. Williams' Adm'r, 111 Ky. 289, 63 S. W. 759, 54 L. R. A. 220, 98 Am. St. Rep. 416; Growbarger v. U. S. Fid. & G. Co., 126 Ky. 118, 102 S. W. 873, 11 L. R. A. (N. S.) 758, 128 Am. St. Rep. 274; Perkins v. Giles, 9 Leigh (Va.) 397, 33 Am. Dec. 249; 17 C. J. 988. An officer who executes process which is regular on its face and issued by competent authority is justified whatever may be the defect in the proceeding on which it is issued. Code 1907, § 5871. As to what constitutes such regularity, see Ward v. Deadman, 124 Ala. 288, 26 South. 916, 82 Am. St. Rep. 172; Ferguson v. Starkey, 192 Ala. 471, 68 South. 348; Brown v. State, 109 Ala. 70, 20 South. 103; Clark v. Lamb, 76 Ala. 406; Martin v. Hall, 70 Ala. 421; Keniston v. Little, 30 N. H. 318, 64 Am. Dec. 297. Where the complaint avers that plaintiff's arrest was published in a newspaper, if the publication contains only a plain statement of such facts as the warrant or indictment discloses, without comment, it is admissible in evidence. Filer v. Smith, 96 Mich. 347, 55 N. W. 999, 35 Am. St. Rep. 603; Baer v. Chambers, 67 Wash. 357, 121 Pac. 843, Ann. Cas. 1913D, 559; 18 R. C. L. 74. Evidence of the character, reputation and esteem of plaintiff, length of his residence in the county, personnel of his family, etc., was immaterial and inadmissible. Davis v.

---

⬅⚫⮕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Sanders, 133 Ala. 275, 32 South. 499; Sanders v. Davis, 153 Ala. 372, 44 South. 979.

M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellee.

Where there is clearly no jurisdiction over the subject-matter, any authority exercised is a usurped authority. Bradley v. Fisher, 13 Wall. 335, 20 L. Ed. 646; Sasnett v. Weathers, 21 Ala. 673; Crumton v. Newman, 12 Ala. 199, 46 Am. Dec. 251; Duckworth v. Johnston, 7 Ala. 581. The process to protect an officer must be fair on its face. 2 Cooley on Torts (3d Ed.) 883; Newell on False Imp. 168; Duckworth v. Johnson, 7 Ala. 578; Woodall v. McMillan, 38 Ala. 622; Broom v. Douglass, 175 Ala. 268, 57 South. 860; Herring v. State, 158 Ala. 31, 48 South. 476. Every official bond is obligatory on the principal and sureties, and is intended to protect every injury and to cover every element of damage. Code 1907, § 1500; Davis v. Dickson, 2 Stew. 370; McKissack v. McClendon, 133 Ala. 558, 32 South. 486; McElhaney v. Gilleland, 30 Ala. 183; Coleman v. Roberts, 113 Ala. 323, 21 South. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111; Lunsford v. Dietrich, 93 Ala. 565, 9 South. 308, 30 Am. St. Rep. 79; Hereford v. Brentz, 192 Ala. 465, 68 South. 350; Woodall v. McMillan, supra; Gambill v. Cargo, 151 Ala. 421, 43 South. 866; Deason v. Gray, 192 Ala. 611, 69 South. 15. Testimony of plaintiff's character was material to the issue. 25 C. J. 554; Anonymous, Minor, 56, 12 Am. Dec. 31; Stewart v. Blair, 171 Ala. 147, 54 South. 506, Ann. Cas. 1913A, 925; Killebrew v. Carlisle, 97 Ala. 535, 12 South. 167.

ANDERSON, C. J. [1] The circuit judges are given the authority to issue warrants of arrest throughout the state, section 7519; and while this provision does not say where the same should be made returnable, it must be considered, in pari materia with section 7225 of the Code of 1907, which provides that—

"The local jurisdiction of all public offenses, unless it is otherwise provided by law, is in the county in which the offense was committed."

The only exceptions provided by law are found in chapter 241 of the Code, in which the above-quoted section appears, and which said exceptions do not embrace the offense charged in the warrant in question. We think that this chapter and the above-quoted section are broad enough to cover and apply to preliminary as well as final hearings, and that Judge McCord should have made the warrant returnable to a magistrate in Coffee county instead of before himself in Montgomery county. The warrant charging that the offense was committed in Coffee county was void in that it directed that the defendant be arrested and brought before the judge in Montgomery county. Section 6278 of the

Code does not attempt to make the warrant returnable to any county or authorize a preliminary hearing outside of the county in which the offense is committed. It merely authorizes an arrest thereunder in any county when issued by a judge of the circuit court or other officers mentioned without more, but when issued by a magistrate it cannot be executed in another county without the written indorsement of a magistrate of the county in which the arrest is to be made. Section 6282 of the Code is intended to apply to arrests made out of the county in which the offense was committed and when issued by a magistrate in the county in which the said offense was committed, and was never intended to require that the accused be taken before and tried by a magistrate or judge who resides in and issued the warrant from some other county. It was never contemplated that if a judge at Huntsville issues a warrant for an offense charged as having been committed in Mobile county and the accused is arrested in Mobile county that he shall be taken to Huntsville for his preliminary hearing. Nor does section 7588 of the Code or the form set forth validate the present warrant by authorizing the same returnable to any county other than the one in which the offense was committed.

[2] Section 5871 of the Code relates to process which is regular on its face. Here, the warrant was not regular on its face, but disclosed its own invalidity, as it showed that the offense charged was committed in Coffee county and was returnable to Judge McCord at Montgomery. Broom v. Douglass, 175 Ala. 268, 57 South. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155, and cases there cited. The defendants were not therefore entitled to the general charge upon this theory and which, while argued in brief, does not seem to have been requested.

[3-6] While malice is not an essential element of false imprisonment and the existence or nonexistence of same does not go to the plaintiff's right of action, it will be considered to increase or mitigate the damages. In this case, the arrest being unlawful, the plaintiff was entitled to recover compensatory damages; but in order to recover exemplary or punitive damages, it had to be maliciously or wantonly made. Consequently, evidence of the ill will of the defendant toward the plaintiff, of the lack of reasonable cause for the imprisonment, or of wanton abuse of the process by the defendant, may be admitted to enhance damages. And on the other hand, evidence of the defendant's good faith, and of his having reasonable grounds to believe that his action was lawful, is admissible to rebut the claim of vindictive damages, but not to reduce the verdict below the actual damages suffered. 11 R. C. L. p. 821; Beckwith v. Bean, 98 U. S. 266, 25 L. Ed. 124; Rogers v. Wilson, Minor, 407, 12 Am. Dec. 61; Oates v. Bullock, 136 Ala.

537, 33 South. 835, 96 Am. St. Rep. 38; Sanders v. Davis, 153 Ala. 375, 44 South. 979. It is a well-settled rule in cases of this character, when malice or its equivalent may be involved, that if the defendant acted solely upon the advice of a reputable attorney, after fairly submitting to him all the facts, this will make out a complete case against malice or bad faith. Abingdon Mills v. Grogan, 167 Ala. 147, 52 South. 596; Goldstein v. Drysdale, 148 Ala. 486, 42 South. 744; Shannon v. Simms, 146 Ala. 673, 40 South. 574; McLeod v. McLeod, 73 Ala. 42; O'Neal v. McKinna, 116 Ala. 620, 22 South. 905. As to whether or not malice or bad faith is refuted is a question for the jury. Cases supra, and Fuqua v. Gambill, 140 Ala. 464, 37 South. 235. Hence the trial court did not err in refusing affirmative charges against punitive damages as to all of the defendants or the arresting officials.

[7] "Exemplary damages are not generally recoverable against sureties upon bonds, even though the breach on the part of the principal was malicious or tortious." 13 Cyc. 116; Lienkauf v. Morris, 66 Ala. 406; Peelle v. State, 118 Ind. 512, 21 N. E. 288; Johnson v. Williams, 111 Ky. 289, 63 S. W. 759, 23 Ky. Law Rep. 658, 54 L. R. A. 220, 98 Am. St. Rep. 416. This is also stated to be the general rule by Mr. Sedgwick in his work on Damages, section 370. It will be noted, however, that he cites the case of Floyd v. Hamilton, 33 Ala. 235, as opposed to said general rule. It is also apparent that there is a conflict between the Lienkauf and Floyd Cases, supra, and each case has been cited approvingly by many subsequent decisions and without taking notice of the seeming conflict. These cases, however, deal generally with sureties on attachment or indemnity bonds to the sheriff as distinguished from those on the bond of public officials, and need not now be reconciled (though in the opinion of the writer the Lienkauf Case is supported by reason and the great weight of authority), as we find not only the great weight of authority but two Alabama cases holding that, unless the statute directs to the contrary, sureties upon official bonds are liable only for damages which one may sustain resulting from a breach of the bond and not damages or penalties that may be awarded by way of punishment of the principal. Brooks v. Governor, 17 Ala. 806; Jeffreys v. Malone, 105 Ala. 489, 17 South. 21. It is true, these two cases dealt with a penalty, rather than exemplary or punitive damages; but the underlying principle of the rule there declared and followed is that unoffending sureties upon official bonds are responsible only for compensatory damages sustained by virtue of a breach of the bond, as distinguished from such penalty or punitive damages as may be awarded by way of punishment against an offending principal. Punitive damages are not regarded as compensatory for the injury sustained, but as punishment for the infliction of same. Sutherland on Damages, vol. 2, § 488; Howard v. Davis (Ala. Sup.) 95 South. 354;[1] Coleman v. Pepper, 159 Ala. 310, 49 South. 310; L. & N. R. R. v. Bizzell, 131 Ala. 429, 30 South. 777. The bond required of the law enforcement officers is provided by section 4 of the Act of 1920 (General and Local Acts, page 9), and which makes the bond conditional and payable as provided by section 1483 of the Code of 1907, and we find nothing in the last provision making the bondsmen answerable for penalties or punishment not intended as compensation for injuries resulting from a breach of the bond. True, the act only refers to section 1483 as to conditions of the bond and not to section 1500, but we may concede that section 1500 applies to and controls the bond in question, yet said section merely makes the bondsmen responsible to the same extent as the officers to those who are injured by the action or nonaction of the officer and does not include or refer to penalties or damages which do not compensate the injured party but which the law authorizes by way of punishment. At any rate, section 1500, except as to paragraph 4, has undergone no change since the Case of Jeffreys, supra, and added paragraph 4 in no way extends the liability but merely defines certain words used in paragraph 3 and declares what persons come within the influence of same, and in no sense extends or increases the liability beyond what it was determined to be in the Jeffreys and Brooks Cases, supra. We therefore hold that as the defendant bonding company did not authorize, direct, or participate in the arrest and did not subsequently ratify same, it was not answerable for punitive damages as distinguished from compensatory damages, and the trial court erred in not giving its requested charges to this effect.

[8, 9] As a rule, when the complaint charges that the arrest was published and as tending to show the publicity given to that fact, and consequent injury, the publication should be admissible, when it is a plain unvarnished account. The general rule of law is that whoever does an illegal or wrongful act is answerable for all the consequences that ensue in the ordinary and natural course of events, though those consequences be immediately brought about by intervening agents, provided such agents were set in motion by the primary wrongdoer, or provided those acts causing the damage were the necessary or legal and natural consequences of the wrongful act. A publication of the fact of the arrest and the nature of the character of the charge, without comment, has been deemed admissible as the natural consequence of the arrest or prosecution, and if it contains nothing more is admissible, unless, of course, the defendant was

[1] 209 Ala. 113.

a party to the publication, but if the publication also contains a comment or matter beyond the fact of the arrest or prosecution, and the character of the charge, it is not admissible. "If such an article be so framed that it cannot be read without introducing the objectionable matter, it must be excluded; but it would be competent to have it appear before the jury that the fact of the arrest was published in the paper." Baer v. Chambers, 67 Wash. 357, 121 Pac. 843, Ann. Cas. 1913D, 559, and cases there cited. The publication in question contains comment and matter not admissible which should have been excluded. As to whether or not the objection and exception was such as to put the trial court in error, we need not determine, as this case must be reversed for other reasons and what we here say should operate as a guide upon the next trial.

[10] Our court has held several times that proof of the plaintiff's good character is not admissible when not put in issue. Sanders v. Davis, 153 Ala. 375, 44 South. 979; Davis v. Sanders, 133 Ala. 275, 32 South. 499; Goldsmith v. Picard, 27 Ala. 142. The complaint here charged that the plaintiff's character and reputation had been impaired as a result of the arrest, and perhaps the way to establish this fact was proof of the plaintiff's character.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.