(99 South. 636)

## AMERICAN SURETY CO. v. PRYOR.
### (6 Div. 986.)

(Supreme Court of Alabama. Jan. 17, 1924. Rehearing Denied April 17, 1924.)

1. **Malicious prosecution** ⬅59(5)—**To show probable cause only matters within defendant's knowledge when instigating prosecution admissible.**

Defendant, in action for malicious prosecution to show probable cause, can show only those pertinent facts within his knowledge when instigating the prosecution, and so must show that such a fact sought to be introduced by him was known by him at such time.

2. **Witnesses** ⬅344(1)—**Other acts of plaintiff not known to defendant inadmissible to affect his credibility.**

Other acts of plaintiff in malicious prosecution inadmissible to show probable cause because not known by defendant when instigating the prosecution are not admissible as affecting plaintiff's credibility as a witness.

3. **Witnesses** ⬅203—**Communications to solicitor before prosecution not privileged against use in malicious prosecution action.**

Though communications of defendant in malicious prosecution to the solicitor before the prosecution be privileged, so that they could not be the basis of libel, they are not privileged against use in action for malicious prosecution on the questions whether defendant procured or aided and abetted in the prosecution or made a full and fair statement of all the facts to the solicitor.

4. **Malicious prosecution** ⬅21(2)—**Defendant aided in bringing about prosecution if misrepresenting facts to solicitor.**

Though in an action for malicious prosecution the solicitor testified that he, as a public officer, reached the conclusion that plaintiff should be prosecuted, and that he independently exercised his own judgment in the matter, yet where he rested his conclusion on the information furnished by defendant and another, if defendant misrepresented the facts to induce action, it aided and abetted in bringing about the prosecution.

5. **Malicious prosecution** ⬅71(3)—**Whether malice or bad faith refuted question for jury.**

Though, if defendant in action for malicious prosecution acted solely on the advice of a

<hr>

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

reputable attorney, after fairly submitting to him all the facts, this will make out a complete case against malice or bad faith, whether malice or bad faith is refuted is a question for the jury, especially on conflicting evidence as to full and fair statement.

**6. Malicious prosecution ☜72(2)—Instruction bad in authorizing recovery if prosecution was malicious or without probable cause.**

The part of the charge in action for malicious prosecution authorizing recovery if the prosecution was either malicious or without probable cause is bad; establishment of both elements conjunctively being essential.

**7. Trial ☜296(2)—Error in charge not cured by conflicting portion.**

Error in part of charge in action for malicious prosecution authorizing recovery if prosecution was malicious "or" without probable cause *held* not cured by latter part properly using the conjunctive "and," the instruction as a whole being involved and confusing.

**8. Malicious prosecution ☜72(1)—Charge stating gist of action substantially correct.**

Charge in action for malicious prosecution as to the gist of the action *held* substantially free from error.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for damages for malicious prosecution by W. F. Pryor against the American Surety Company, the Standard Oil Company, and D. H. Bohler. From a judgment for plaintiff against the American Surety Company, that defendant appeals. Reversed and remanded.

It appears that W. F. Pryor, who was employed as clerk or agent of the Standard Oil Company at Montgomery, Ala., was charged with a shortage in accounts, and that the American Surety Company, as surety for Pryor, was required to make good the shortage; that Pryor was thereafter arrested in Birmingham, Ala., brought to Montgomery, tried upon an indictment charging embezzlement, and acquitted. That portion of the oral charge of the court made the basis of the first assignment of error is as follows:

"If you are reasonably satisfied from the evidence in this case that defendant, by or through its duly constituted officers, agents, or employees while acting in the line and scope of their authority and during their employment, maliciously prosecuted plaintiff, or caused him to be prosecuted without probable cause, that the prosecution ended in plaintiff's favor by being acquitted, and that plaintiff was damaged in consequence of that prosecution, then, and in that event, if you are reasonably satisfied from all the evidence that the defendant, by its duly constituted officers, agents or employees, or any one of them independently, maliciously and without probable cause prosecuted plaintiff, you should find your verdict for plaintiff and award him such sum as from all the evidence you believe would fairly compensate him for the injuries complained of."

Tillman, Bradley & Baldwin, J. D. Rucker, and T. A. McFarland, all of Birmingham, for appellant.

Letters between the surety company and the Standard Oil Company, and the agents of those companies, relative to the shortage of appellee, were private and privileged communications. 17 R. C. L. 358, 360; 25 Cyc. 397; Phillips v. Bradshaw, 167 Ala. 199, 52 South. 662; Kenney v. Gurley, 208 Ala. 623, 95 South. 34, 26 A. L. R. 813; Culver v. Ala. Midland, 108 Ala. 333, 18 South. 827; A. G. S. v. Taylor, 129 Ala. 245, 29 South. 673. Where the facts are undisputed, the question of probable cause is one for the court. Vicksburg Co. v. Porterfield, 103 Miss. 585, 60 South. 652; B. R., L. & P. Co. v. Ellis, 5 Ala. App. 525, 58 South. 796; L. & N. v. Stephenson, 6 Ala. App. 578, 60 South. 490; Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; American Express Co. v. Summers, 208 Ala. 531, 94 South. 737. In a case of this kind it is not sufficient to show merely that the prosecution was malicious; it must also appear that there was want of probable cause. Steed v. Knowles, 79 Ala. 446; Jordan v. A. G. S., 81 Ala. 220, 8 South. 191; Brown v. Master, 104 Ala. 451, 16 South. 443; Sloss Co. v. Devaney, 7 Ala. App. 457, 60 South. 990; Stewart v. Sonneborn, 98 U. S. 187, 25 L. Ed. 116; L. & N. v. Stephenson, supra; McLeod v. McLeod, 73 Ala. 42; O'Neal v. McKenna, 116 Ala. 606, 22 South. 905. The facts being laid before the prosecuting officer, and he, on his own motion as a public official, having conducted the prosecution, the appellant was due the affirmative charge. Ryan v. Orient Ins. Co., 96 Vt. 291, 119 Atl. 423; Halladay v. State Bank, 66 Mont. 111, 212 Pac. 861; Mendal v. M. & St. L., 92 Minn. 26, 100 N. W. 363; Vicksburg Co. v. Porterfield, supra; Code 1907, §§ 7295, 7301.

Black, Harris & Foster, of Birmingham, for appellee.

Where a person voluntarily aids and assists in a prosecution, or incites or encourages it, he is liable therefor, even if not the main actor. So. Exp. Co. v. Couch, 133 Ala. 288; Parician Co. v. Williams, 203 Ala. 378; Kline v. Shuler, 30 N. C. 484, 49 Am. Dec. 402; Nat. Surety Co. v. Mabry, 139 Ala. 217; Gruner v. Greenblatt, 47 Colo. 495; Gulsby v. L. & N., 167 Ala. 132, 52 South. 392. It was competent to show defendant was the cause of the original proceeding by circumstantial evidence. 26 Cyc. 91; Garden v. Holley, 157 Ala. 652, 47 South. 716; So. Exp. Co. v. Couch, supra; Amer. Exp. Co. v. Summers, 208 Ala. 531, 94 South. 737; Abingdon Mills v. Grogan, 167 Ala. 146, 52 South.

596; 2 Greenleaf on Ev. (16th Ed.) § 450; Hanchey v. Brunson, 175 Ala. 236, 56 South. 971, Ann. Cas. 1914C, 804; Lunsford v. Dietrich, 93 Ala. 565, 9 South. 308, 30 Am. St. Rep. 79. On the defense of advice of 'attorney, whether full and fair statement was made to the solicitor is for the jury to determine. Abingdon Mills v. Grogan, supra. Where letters are called for in interrogatories, the relevancy and pertinency of the letters is for the court and not the party to judge. Russell v. Bush, 196 Ala. 309, 71 South. 397; Code 1907, §§ 4053, 4057; So. Ry. v. Bush, 122 Ala. 489, 26 South. 168. Ordinary letters are not privileged communications. 5 Wigmore on Evi. § 2287; 4 Wigmore, § 2286; 28 R. C. L. 517; 40 Cyc. 2392; Ann. Cas. 1916C, 698.

This case was submitted under rule 46, and the opinion of the court was delivered by ANDERSON, C. J.:

[1, 2] It may be conceded that upon the trial of one for embezzlement other acts of the accused of a similar nature or character can be shown on the inquiry whether the act in question was done knowingly and intentionally. Lang v. State, 97 Ala. 41, 12 South. 183. This evidence, however, is admissible as bearing upon the guilt or innocence of the accused in the criminal prosecution only, and not necessarily in a suit for malicious prosecution, as the guilt or innocence was adjudicated by the verdict in the criminal case, but, notwithstanding the acquittal of the accused in the criminal case when he sues for a malicious prosecution, the defendant in said suit can show that there was probable cause for believing that the offense had been committed when the prosecution was begun, and can show all pertinent facts within his knowledge at the instigation of the prosecution, but not those which were not known to him at the time although the same may have been admissible upon the trial of the criminal charge. Hanchey v. Brunson, 175 Ala. 236, 56 South. 971, Ann. Cas. 1914C, 804. There was no showing made that the other acts of conversion or embezzlement, sought to be brought out upon the cross-examination of the plaintiff, were known to the appellant's agent, who is charged or claimed to have participated or aided in the prosecution at the time of doing so, and the trial court cannot be put in error for sustaining the plaintiff's objections to these questions. Nor was such an inquiry competent as affecting the credibility of the plaintiff who was testifying as a witness. Clarke v. State, 78 Ala. 474, 56 Am. Rep. 45; Walker v. State, 205 Ala. 197, 87 South. 833.

It may be true that an offer of compromise by one accused of crime, as distinguished from an effort to compromise a civil suit, may be used in evidence as an incriminating circumstance, but the inquiry here was not the guilt or innocence of the plaintiff, but whether or not the defendant's agent, in aiding or bringing about the prosecution, had reasonable grounds to believe that there existed a probable cause of guilt, and the offer of compromise subsequently made to the solicitor could shed no light upon the facts confronting the appellant's agent when the prosecution was begun. Moreover, such an effort by the plaintiff's attorneys to compromise was not binding upon the plaintiff unless he authorized or ratified same.

[3] The plaintiff had the right, under the statute, to propound interrogatories to the defendant and to require the production of letters or documents which had any material bearing upon the questions involved. The letters attached were those exchanged between the agents of the oil company, the appellant, and the solicitor. The two former had a community of interest and a common purpose in view, as the plaintiff was the agent of the oil company, and the appellant was his surety, and these two companies were engaged in ascertaining his shortage and were interested in procuring a restitution from him. The letters were, in a sense, a part of the res gestæ of the prosecution, and had a bearing upon this appellant's connection therewith—whether or not its agent procured or aided and abetted in the prosecution and whether or not he made a full and fair statement of all the facts to the solicitor. We cannot agree with the contention of counsel that these letters were protected from being used as evidence because of being privileged communications. They were no doubt of such a character, and the relationship between the parties was such that they could not be used or looked to as a basis for libel, and were no doubt to that extent privileged communications. But this did not render them privileged against use for evidential purposes in the trial of other issues to which they related. Counsel have cited many cases on this subject, but most, if not all, of them treat such communications as privileged from being used as the foundation of a suit for libel, and if any of them extend the privilege against their use as evidence when the parties are sued for some other tort or transaction not based on writing the letters, but as to which they are material evidence in elucidating the conduct and intent of the parties, and have a bearing upon their connection with the subject-matter of the suit, we would not follow them.

[4] The appellant insists upon error in the refusal of the general charge upon two theories: First, because the prosecution was started by the solicitor, and not through the action or instrumentality of its agent; second, that, should it be found that its agent participated or aided in bringing about the prosecution, it was only after the facts had been fully and fairly presented to the solicitor and after he had advised the same.

True, the solicitor testified to the effect

that he as a public officer reached the conclusion that Pryor should be prosecuted, and that he independently exercised his own judgment in the matter, but he also stated, "and from them I reached the conclusion," meaning, of course, that he rested his conclusion upon the information furnished by the agents of the appellant and the oil company, and if they jointly or the ·appellant's agent only misrepresented the facts in order to induce action, it cannot be said that they did not aid and abet in bringing about the prosecution, and this was a question for the determination of the jury.

[5] It is a well-settled rule in cases of this character, when malice or its equivalent may be involved, that, if the defendant acted solely upon the advice of a reputable attorney, after fairly submitting to him all of the facts, this will make out a' complete case against malice or bad faith. Phillips v. Morrow (Ala. Sup.) ·97 South. 130; [1] Abingdon Mills v. Grogan, 167 Ala. 147, 52 South. 596, and cases there cited. As to whether or not malice or bad faith is refuted is a question for the jury. Phillips v. Morrow, supra; Fuqua v. Gambill, 140 Ala. 464, 37 South. 235. Especially is this so when there is a conflict in the evidence as to whether or not a full and fair statement was made, and it was open for the jury to find in this case from the evidence that all the facts were not fairly presented to the solicitor or that facts were presented to him which were not true. We therefore hold that the defendant was not entitled to the general charge or affirmative instructions upon either hypothesis as above mentioned.

[6, 7] That part of the oral charge excepted to and made the basis of the first assignment of error is bad. The first portion of same authorizes a recovery if the prosecution was either malicious or without probable cause when, under the law, the establishment of both elements conjunctively is essential to a recovery. O'Neal v. McKinna, 116 Ala. 618, 22 South. 905; Jordan v. A. G. S. R. R., 81 Ala. 226, 8 South. 191; Hanchey v. Brunson, 175 Ala. 236, 56 South. 971, Ann. Cas. 1914C, 804. It might be that there was an attempt to conform to the second headnote in the last-cited case, but in the opinion on page 240 it is stated that it must be shown "that the prosecution on the part of the defendant was both malicious and without probable cause." Nor was this error corrected or neutralized by the latter portion of the excerpt from the oral charge. While it is in the conjunctive as to malice and the want of probable cause it is involved and confusing. To reconcile the two the first part must mean that, if the agents or servants of the defendant, while acting in the line or scope of their employment caused the plaintiff to be prosecuted without probable cause or maliciously prosecuted him, the defend-

ant would be liable, or, if the defendant by its duly constituted officers or agents or any of them "independently" (that is, whether acting within the scope of their employment or not) maliciously and without probable cause prosecuted plaintiff, etc., you should render a verdict for plaintiff. On the other hand, if the two portions cannot be reconciled as above indicated so as to avoid a repugnancy, there would be a conflict, one portion authorizing a recovery upon proof of either element and the other requiring proof of both, and the jury would be left in a state of confusion and uncertainty, as the latter part in no wise attempts to correct or withdraw the former. 14 R. C. L. p. 777, § 45; Clinton Mining Co. v. Bradford, 192 Ala. 576, 69 South. 4.

[8] It may be that so much of the oral charge as excepted to and embodied in the second assignment of error, to wit, "The gist of the suit, the action, is that plaintiff has been improperly made the subject of criminal or legal process," is inaccurate, and we prefer the definition as stated by our own court, which is that "malice and the want of probable cause constitute the gist of the action." Randall v. Henry, 5 Stew. & P. (Ala.) 378. The foregoing statement by the trial court was not, however, reversible error, for, when taken with the entire sentence from which it is taken, the definition was substantially correct. The sentence is as follows:

· "The gist of the suit, the action, is that the plaintiff has been improperly made the subject of criminal or legal process to his damage, it states, is maliciously setting the law in motion without probable cause and belief that it can succeed, and which finally ends in failure."

This sentence is perhaps involved and elliptical, but, as above stated, it is in substance free from reversible error.

For the error heretofore indicated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.