PITTMAN, Judge.
 

 In this appeal, transferred to this court by the Alabama Supreme Court pursuant to Ala.Code 1975, § 12-2-7(6), Barry L. Grantham appeals from a summary judgment entered by the Etowah Circuit Court on his malicious-prosecution claim against Lurey Jeffery Bynum. We reverse and remand.
 

 Grantham sued Bynum in February 2008, alleging in the complaint that Bynum had caused Grantham to be arrested under a warrant issued by a municipal magistrate on a charge of harassment that was subsequently found not to be valid; Grant-ham sought both compensatory and punitive damages. Subsequent amendments to the complaint asserted claims of false imprisonment against Bynum; however, those claims were dismissed by the trial court on Bynum’s motion, leaving only the malicious-prosecution claim in the case. In January 2009, Bynum moved for a summary judgment, filing in support a brief and a copy of the transcript of the deposition of the pertinent municipal magistrate. Grantham filed a response in opposition to the motion, filing in support a brief, affidavits given by Grantham and his wife, and copies of an incident report and of the case-action-summary sheet from the
 
 *659
 
 harassment proceeding that had taken place in municipal court. Bynum moved to strike the affidavits, contending that they contained hearsay. After a hearing, the trial court entered a summary judgment in favor of Bynum, thereby adjudicating all claims as to all parties; the trial court denied Bynum’s motion to strike as moot. Grantham then filed a timely notice of appeal.
 

 Our standard of review of summary judgments is well settled:
 

 “A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R. Civ. P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required.”
 

 Sizemore v. Ovmer-Operator Indep. Drivers
 
 Ass’n,
 
 Inc.,
 
 671 So.2d 674, 675 (Ala.Civ.App.1995) (citations omitted).
 

 The pertinent facts, viewed in a light most favorable to Grantham as the non-movant, are as follows. Bynum was formerly married to Grantham’s current wife, a union that produced four children before it was judicially dissolved in 2002. In October 2007, Bynum’s former wife married Grantham, although both Grantham and his wife testified that Grantham had been “closely involved” in the lives of the four children for a considerable time before the marriage. Bynum appears not to have suffered Grantham’s presence in the lives of his former wife and his children well; Grantham and his wife testified by affidavit that Bynum had left “spiteful, hateful and mean” telephone messages about Grantham on an answering machine belonging to Grantham’s wife.
 

 On October 27, 2007, Grantham’s wife and the four children from her marriage to Bynum traveled by automobile to a football stadium in Centre to attend a sports event. According to Grantham’s wife, By-num “went out of his way to insult [her] at the stadium” and apparently followed her and the children to a local fast-food restaurant, where he “walked deliberately in front of [her] car,” then “looked in, pointed and smirked at [her].”
 

 After Grantham’s wife had had a chance to discuss with Grantham her and her children’s encounter with Bynum in Cen-tre, Grantham decided to accompany his wife and the children that afternoon to attend additional sports events at the football stadium. While seated in the stands, Grantham and his wife noticed Bynum, who was on the football field, looking in their direction and pointing toward them with a “smirk-like look on his face”; at that time, Bynum was talking with a person who appeared to be a law-enforcement officer. Bynum then began walking towards the seating section where Grantham and his wife were seated, still featuring a “smirk-like look on his face as he neared” them and pointed at them.
 

 As Bynum started to pass by Grantham and his wife, Grantham made a statement to Bynum complaining about the events involving his wife and Bynum that morning and saying something to the effect of “Jeff, we got problems.” Although Bynum later stated in an incident report that Grantham had pointed and pressed a finger on By-num’s chest at that precise point, Grant-ham and his wife both denied in their affidavits in opposition to Bynum’s sum
 
 *660
 
 mary-judgment motion that either man had touched the other during the encounter. Bynum did apparently respond to Grantham by asking what sort of problems existed. After a brief discussion, the substance of which is not apparent from the record, a more heated exchange of words took place. According to Bynum’s subsequent incident report, Grantham had then threatened to “whip his ass” and, upon being told by Bynum that the time and place was not appropriate, had threatened to “get” Bynum in the stadium parking lot. Grantham and his wife, for their part, testified in their affidavits that Bynum had told Grantham to “step outside the gate of this football field and we’ll settle it” before turning and walking back to the football field. Afterwards, a law-enforcement officer approached Grantham to ask some questions; the nature of the questions, and of Grantham’s responses, are not apparent from the record. Grantham, his wife, and the children subsequently left the stadium without further contact with Bynum.
 

 Nine days later, on November 5, 2007, Bynum attempted to make a report of the incident to law-enforcement officials. Although he first sought to make that report to Etowah County authorities, Bynum was escorted to a Centre municipal magistrate by a county law-enforcement officer because the incident had occurred within the territorial boundaries of Centre. The magistrate testified in her deposition as to the pertinent events of that day:
 

 “Q. Okay.
 
 And did you take facts from Mr. Bynum
 
 as to what happened?
 

 “A. I did.
 

 “Q. Okay. What did Mr. Bynum tell you on that occasion?
 

 “A.
 
 He told me
 
 there was a peewee football game at the high school and that he was there and
 
 a gentleman up in the stands called him to come up to talk to him and then threatened to whip him and then shoved him on the bleachers.
 

 “Q.
 
 And as a result of those facts being presented to you
 
 as city magistrate for the City of Centre,
 
 did you determine that probable cause existed
 
 for an arrest warrant to be issued?
 

 “A. I did.
 

 “Q. And what was the charge that you felt—
 

 “A. It was harassment.
 

 “Q. Okay. So you felt as city magistrate for the City of Centre that probable cause existed for an arrest warrant to be issued for harassment against the defendant, Mr. Barry Grantham; is that correct?
 

 “A. That’s correct.
 

 [[Image here]]
 

 “Q. ...
 
 But at the trial of this case Mr. Grantham was found not guilty;
 
 is that correct?
 

 “A.
 
 That’s comet.”
 

 (Emphasis added.)
 

 In our view, the outcome of this appeal is controlled by our recent decision in
 
 Ravenel v. Burnett, 5
 
 So.3d 592 (Ala.Civ.App.2008).
 
 Ravenel,
 
 like this case, involved a harassment charge stemming from a statement made under oath by a complainant to a municipal magistrate to the effect that the accused person had made a threat against the complainant; the magistrate then made a probable-cause determination based primarily upon the complainant’s report. The charges in
 
 Ravenel,
 
 as in this case, were resolved in favor of the accused. We noted in
 
 Ravenel
 
 that the necessary elements of a malicious-prosecution claim included (1) institution of a prior judicial proceeding by the complainant, (2) a lack of probable cause, (3) malice on the complainant’s part, (4) termination of the prior
 
 *661
 
 proceeding in favor of the accused, and (5) damage. 5 So.3d at 597. In
 
 Ravenel,
 
 as here, the complainant sought and obtained a summary judgment on a malicious-prosecution claim and attempted to defend the summary judgment in this court based upon a claimed lack of substantial evidence concerning probable cause and malice; however, we held in
 
 Ravenel
 
 that evidence adduced by the accused tending to disprove that any threat was ever made that would support a criminal-harassment charge was sufficient to warrant submission of the issues of absence of probable cause and malice to the trier of fact. 5 So.3d at 598-600.
 

 In this case, Bynum seeks to distinguish
 
 Ravenel
 
 on two claimed grounds. Bynum first asserts that the magistrate in this case obtained facts from both Bynum and a county law-enforcement officer, rather than from the complainant and another lay witness as was the case in
 
 Ra-venel.
 
 However, our review of the magistrate’s testimony does not indicate that any statement by a law-enforcement officer concerning the facts and circumstances allegedly constituting harassment on the part of Grantham was ever given, although it does support the proposition that By-num was
 
 accompanied
 
 by such an officer when Bynum came before the magistrate. Moreover, the magistrate herself testified that her probable-cause decision was made “as a result of’ the “facts”
 
 given to her by Bynum, i. e.,
 
 that Grantham had called By-num to the stadium bleachers, had threatened to whip him, and had shoved him. Secondly, although Bynum asserts, without citation to the record, that Grantham and his wife did not dispute the contents of the communication between Grantham and Bynum during the incident, unlike the accused in
 
 Ravenel,
 
 our review of the affidavits given by Grantham and his wife plainly indicates that they did testify (a) that no physical contact had occurred between Grantham and Bynum during the incident, and (b) that Bynum’s statements that Grantham had pointed and pressed his finger on Bynum’s chest and had threatened to “whip his ass” or to “get” him in the parking lot were untrue. As the Alabama Supreme Court held long ago, when a public official rests a determination to bring charges against an accused upon information furnished by particular complainants, as the magistrate did here, if it is shown by competent evidence that those complainants “only misrepresented the facts in order to induce action, it cannot be said that they did not aid and abet in bringing about the prosecution.”
 
 American Sur. Co. v. Pryor,
 
 211 Ala. 114, 117, 99 So. 636, 638 (1924).
 

 We do agree with Bynum that the fact that Grantham was ultimately found not guilty is not determinative of the case; as
 
 Ravenel
 
 notes, that fact is only one element of a malicious-prosecution claim. However, we cannot agree with Bynum that the making of the general statement “we got problems” — the sole statement made by Grantham during the incident whose utterance the parties do
 
 not
 
 dispute — is itself indicative of probable cause for instituting a criminal-harassment charge against Grantham, for it does not unequivocally amount to a “threat ... that would cause a reasonable person ... to fear for his or her safety.” Ala.Code 1975, § 13A-ll-8(a)(2) (providing the Criminal Code definition of “harassment”). One could easily imagine a similar statement being made as a preface to opening negotiations designed to settle differences between disputing people. Further, we must disagree with Bynum that Grantham has not adduced substantial evidence of malice; Grantham and his wife testified to facts indicating that Bynum had acted with ill will toward them in the past, and, as we
 
 *662
 
 noted in
 
 Ravenel,
 
 the element of malice for purposes of a malicious-prosecution action may also be inferred by the trier of fact from a lack of probable cause in instituting a criminal proceeding. 5 So.3d at 600.
 

 Based upon the foregoing facts and authorities, we conclude that the trial court erred in entering its summary judgment in favor of Bynum. We reverse that judgment, and we remand the cause for further proceedings.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.